JOHN WADE GANTT, SR., EMPLOYEE v. HICKORY MOTOR SALES, INC.,
   EMPLOYER AND THE FIDELITY & CASUALTY COMPANY OF NEW
   YORK, CARRIER

No. 7025IC19

(Filed 24 June 1970)

**Master and Servant § 77— review of agreement to pay compensation
— bar of review**

   Injured employee was not entitled to a review of an agreement to pay
   compensation where his application for the review was made more than
   twelve months after the last payment of compensation under the agree-
   ment. G.S. 97-47.

APPEAL by defendants from opinion and award of the Industrial
Commission entered 19 July 1969.

On 29 October 1960 plaintiff employee sustained an injury to his
back by accident arising out of and in the course of his employment.
He was initially given a permanent disability rating of 40% loss of
use of his back, which in June 1964 was changed to a permanent
disability rating of 75% loss of use of his back. The parties entered
into an agreement for the payment of compensation for disability
pursuant to which plaintiff was paid a total of $10,000.00, which was
the maximum compensation payable at that time under the North
Carolina Workmen's Compensation Act. In addition, $11,450.33 was
paid to provide plaintiff with medical, surgical, hospital, and nurs-
ing services and treatment. Plaintiff received his last payment of
compensation on 7 July 1967, at which time he was also furnished
with Industrial Commission Form 28B. This form, entitled "Report
of Compensation and Medical Paid," contained certain information,
including the following:

"8. Total Amount of Compensation Paid (Maximum un-
der statute)   $10,000.00

\*     \*     \*     \*     \*

"10. Date Last Compensation Check Forwarded   July 7,
1967

"11. *Total Medical Paid - Does this include final medical?
Yes  $11450.37 (including nursing, hospital, drugs, etc.)

\*     \*     \*     \*     \*

"14. Does This Report Close the Case — including final
compensation payment?  Yes

\*     \*     \*     \*     \*

"NOTICE TO EMPLOYEE: If the answer to Item No.
14 above is 'Yes', this is to notify you that upon receipt of this

form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check."

On 19 July 1968 plaintiff signed and on 23 July 1968 filed with the Industrial Commission a request for hearing to determine the responsibility of defendants to pay for medical treatment which had been furnished to plaintiff during the months of January through April 1967. After hearings, Deputy Commissioner Delbridge entered an award directing defendants to pay all medical and hospital expenses incurred by plaintiff as a result of his injury up to 7 July 1967, the date he received his final payment of compensation. On appeal, the full Commission adopted as its own the findings of fact, conclusions of law, and award of the hearing Commissioner, and affirmed the award. Defendants appealed to the Court of Appeals, assigning errors.

*Fairley, Hamrick, Montieth & Cobb, by S. Dean Hamrick, for defendant appellants.*

*No counsel contra.*

PARKER, J.

An agreement to pay compensation, such as existed in this case, when approved by the Industrial Commission, is equivalent to an award. *Smith v. Red Cross,* 245 N.C. 116, 95 S.E. 2d 559. Under G.S. 97-47 an injured employee may, on the grounds of change in condition, apply to the Commission to review any award. The statute expressly provides, however, that "no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award." In the present case the date of last payment of compensation was 7 July 1967. Application for review was not made until more than twelve months thereafter. Nothing in the record indicates, and the Commission did not find, that anything occurred to estop defendant employer or its carrier from pleading the lapse of time. The language of the statute is clear and the claim is barred. *White v. Boat Corporation,* 261 N.C. 495, 135 S.E. 2d 216; *Smith v. Red Cross, supra.*

This disposition makes it unnecessary for us to pass upon appellants' additional contention that the award was in any event erroneous since there is no evidence in the record tending to show that the medical treatment received by plaintiff during the year 1967,

which is the only subject of controversy in this matter, would tend to lessen plaintiff's disability as required by G.S. 97-25.

The award of the Industrial Commission is

Reversed.

BRITT and HEDRICK, JJ., concur.