G. R. McNEELY, by His Next Friend, VANCE McNEELY, v. H. F. WALTERS et al.

(Filed 6 January, 1937.)

**Estoppel § 6c—Plaintiff, having knowledge of facts, held estopped by his silence when his failure to speak resulted in disadvantage to defendants.**

Upon advertisement of the property for sale under the terms of the deed of trust securing the note in default, trustor requested and was granted forbearance. Upon a second advertisement, more than nine years thereafter, trustor instituted this action to restrain foreclosure on the ground that his brother, who had died subsequent to the first advertisement of the property, had executed the note and deed of trust in trustor's name without authority. *Held:* Trustor is estopped by his silence when he requested and accepted indulgence with knowledge of all the facts at the time his brother was living and the note was not barred by the statute of limitations, from asserting the alleged unauthorized execution of the instruments by his brother.

APPEAL by plaintiff from *Phillips, J.,* at May Term, 1936, of UNION. Civil action to restrain sale under power in deed of trust.

It is alleged that on 14 January, 1925, the plaintiff executed and delivered to the defendant H. F. Walters promissory note in the principal sum of $1,816.20, due 14 January, 1926, and as security for the payment of same, executed and delivered deed of trust on real estate situate in Union County. This latter instrument was duly registered.

The defendant Alice R. Hodges alleges that she is the holder in due course of said note by endorsement and the owner of said deed of trust by proper assignment.

It is further alleged that in June, 1926, default having been made in the payment of said note, advertisement of sale under the deed of trust was duly published, but the power was not then executed, as the plaintiff craved additional time and was granted further indulgence.

Again, in August, 1935, the defendant advertised the property for sale under the power of sale contained in said deed of trust.

This sale the plaintiff seeks to restrain, alleging that said note and deed of trust were never executed by him, but were signed in his name by his brother, Grady McNeely, without authority. Grady McNeely died 1 January, 1928.

There was evidence in support of these allegations.

The defendants plead estoppel and the statute of limitations.

From judgment of nonsuit entered on demurrer to the evidence, plaintiff appeals, assigning errors.

*A. M. Stack for plaintiff, appellant.*
*Vann & Milliken for defendants, appellees.*

STACY, C. J.    Conceding that the note and deed of trust were executed by Grady McNeely without authority, still we think the plaintiff must fail in his suit, if not upon the principle of ratification, then upon the doctrine of estoppel. *Sugg v. Credit Corp.,* 196 N. C., 97, 144 S. E., 554; *Lawson v. Bank,* 203 N. C., 368, 166 S. E., 177.

Plaintiff was fully aware of all the facts surrounding the transaction in June, 1926, when he accepted from the defendants further indulgence and forbearance. Grady McNeely was then living and the note was not barred by the statute of limitations. Plaintiff made no contention at that time that the note and deed of trust were not genuine. By remaining silent when it was his duty to speak, plaintiff has disadvantaged the defendants. He ought not to be heard now in repudiation of his former conduct. *Rand v. Gillette,* 199 N. C., 462, 154 S. E., 746; *Lewis v. Nunn,* 180 N. C., 159, 104 S. E., 470.

"If certain acts have been performed or contracts made on behalf of another without his authority, he has, when he obtains knowledge thereof, an election either to accept or repudiate such acts or contracts. If he accept them, his acceptance is a ratification of the previously unauthorized acts or contracts, and makes them as binding upon him from the time they were performed as if they had been authorized in the first place." *Gallup v. Liberty County,* 57 Tex. Civ. App., 175, 122 S. W., 291.

The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. *Boddie v. Bond,* 154 N. C., 359, 70 S. E., 824; 10 R. C. L., 688, *et seq.* Its compulsion is one of fair play.

In this view of the record, the judgment of nonsuit would seem to be correct.

Affirmed.