JORDAN R. WHITE, EMPLOYEE v. SHOUP BOAT CORPORATION, EMPLOYER; AND SHELBY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 25 March 1964.)

**1. Master and Servant § 82—**

The N. C. Industrial Commission has statutory authority to promulgate rules for the orderly administration of the Act. G.S. 97-80.

**2. Master and Servant § 74—**

An agreement to pay compensation, when approved by the Industrial Commission, is equivalent to an award, G.S. 97-82, and the one year limita-

tion for an application for additional compensation for change of condition runs from the last payment of compensation under such agreement and not from the date the agreement is approved by the Commission. G.S. 97-47.

**3. Same—**

The employer and insurance carrier may be estopped from asserting the one year limitation for application for additional compensation for change of condition, G.S. 97-47, and when the insurer makes a single payment of compensation under an agreement of the parties, approved by the Commission, and claim for additional compensation for change of condition is filed more than one year thereafter, but neither the employer nor the insurer gives the employee notice as required by the rules of the Commission (Form 28B) that if the employee claimed further benefits he would have to notify the Commission in writing within a year, the one year limitation does not begin to run.

APPEAL by defendants from *Parker, J.,* in Chambers in HERTFORD on November 12, 1963.

On September 13, 1961 plaintiff employee sustained a compensable injury resulting in a hernia. On October 27, 1961 he, his employer, and its insurance carrier signed Industrial Commission's Form 21.

This form, entitled "AGREEMENT FOR COMPENSATION FOR DISABILITY," is used to stipulate facts on which the Commission may make an award. Here the parties stipulated: (1) they were subject to the Workmen's Compensation Act; (2) plaintiff sustained a compensable injury on September 13, 1961; (3) the accident resulted in a hernia; (4) employee's weekly wage was $60.00; (5) disability began September 14, 1961; (6) employer and his insurance carrier agreed to pay compensation at the rate of $35.00 per week beginning September 14, 1961 "and continuing for five weeks"; (7) employee returned to work on October 18, 1961 at a wage of $60.00; (9) the effective date of the agreement was October 26, 1961.

Below the signatures there appears, "FIRST PAYMENT RECEIVED: Oct. 27, 1961. AMOUNT RECEIVED: $175.00. cc: Mr. Jordan R. White." (The letters "cc" presumably indicate a carbon copy was furnished employee.) The original of this agreement was filed with the Industrial Commission. The date of filing does not appear. The Commission stamped its approval of the agreement on January 12, 1962.

On August 13, 1962 employee, when he stepped from a truck, felt pain at the site of the incision made to reduce the hernia. On August 14, 1962 he consulted a physician who ascertained employee had "an abscess around silk sutures in the incisional scar." He opened and drained the abscess. Employee, because of the abscess, was unable to work from August 13, 1962 to January 8, 1963.

On November 23, 1962 employee requested the Industrial Commission to direct payment of additional compensation because of the change in his condition. A Deputy Commissioner heard the claim. The parties then stipulated no payment had been made to employee other than the $175.00 paid October 27, 1961. The Commissioner was of the opinion carrier was not estopped to assert the protection afforded by G.S. 97-47, and concluded the time began to run from October 27, 1961. He denied employee's claim.

The Commission, on appeal, vacated and set aside the Deputy Commissioner's findings and award. It found the facts as here summarized and concluded, because the agreement for compensation was not approved until January 12, 1962, the employee's claim for additional compensation was not barred. It directed payment of compensation for the period from August 13, 1962 to January 8, 1963.

The Superior Court affirmed the Commission's findings of fact and approved the award made by it.

*Clarence C. Boyan, Sapp & Sapp for plaintiff appellee.*
*John H. Hall for defendant appellants.*

RODMAN, J. The Legislature when it enacted our first Workmen's Compensation Act anticipated employers and employees would, in most cases, be able to reach an agreement with respect to the employee's right to compensation. Hence it inserted in the Act a provision authorizing such agreements when made in the manner prescribed by the Industrial Commission. G.S. 97-82. The wisdom of the statutory provision was referred to in *Smith v. Red Cross*, 245 N.C. 116, 95 S.E. 2d 559, decided in 1956. As there noted, more than 95% of all claims for compensation because of industrial injuries were disposed of by agreements executed in conformity with the provisions of G.S. 97-82. The percentage of claims so disposed of since the filing of that opinion has not decreased. See 17th Biennial Report of the North Carolina Industrial Commission.

The Commission has statutory authority to promulgate rules, G.S. 97-80. Rule XI, promulgated by the Commission prior to September 1961, still in effect, is entitled "AGREEMENTS FOR PAYMENT OF COMPENSATION." This rule requires the use of Forms 21, 26 and 28B in disposing of claims under G.S. 97-82. The information required by Form 21 is indicated in stating the facts in this case. Form 26, a supplement to Form 21, is not material to the disposition of this case.

Form 28B captioned, "REPORT OF COMPENSATION AND MEDICAL PAID," replaced Form 27 quoted in *Smith v. Red Cross*,

*supra.* In substance the forms are the same. Item 14 inquires: "Does this report close the case?" It is the form required when carrier reports the closing of a claim. The insurance carrier is required to send a copy of this form to the employee within 16 days after the last payment of compensation. At the bottom of the form in bold face type is: "**NOTICE TO EMPLOYEE: If the answer to Item No. 14 above is 'Yes', this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check.**"

An injured employee may, if his condition changes, apply to the Commission for additional compensation. The time, in which additional compensation may be requested, is limited to 12 months "from the date of last payment of compensation pursuant to an award * * *" G.S. 97-47.

In interpreting this statute, we have said that an agreement to pay compensation, when approved by the Commission, is the equivalent of an award. *Smith v. Red Cross, supra; Neal v. Clary,* 259 N.C. 163, 130 S.E. 2d 39; *Pratt v. Upholstery Co.,* 252 N.C. 716, 115 S.E. 2d 27; *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777.

The language of the statute is clear. The claim is barred, if the request for compensation is not made within 12 months *from the date of the last payment,* unless perhaps the carrier is estopped to plead the lapse of time. The Commission was in error in concluding the statute began to run from January 12, 1962 when it approved the agreement to settle.

The conclusion we reach necessitates a reversal and consequent remand to the Industrial Commission; but this conclusion does not necessarily defeat employee's claim. The agreement which the Commission approved stated, "FIRST PAYMENT RECEIVED: Oct. 27, 1961." Notwithstanding this statement, carrier insists it was also the last payment. It is the mathematical product of the amount to be paid weekly for the agreed number of weeks. Did the carrier execute Form 28B and furnish the employee with a copy of that form? If so, was it furnished within 16 days as required by the Commission's order? What date does that form show as the date of last payment? If that form was not given the employee, as the rules require, he was deprived of information which the Commission specifically directed the carrier to furnish for his protection. It had legislative authority to require the insurance carrier to give employee this information. If the carrier failed to comply with the rule by giving employee notice of the limited time within which he could claim additional compensation, it failed to put the statute of limitations in operation.

The hearing commissioner concluded the carrier was not estopped to plead the bar provided by G.S. 97-47. This conclusion was vacated by the Commission on employee's appeal. Presumably, because it was of the opinion the statute of limitations started to run from January 12, 1962, it did not find it necessary to make findings of fact or conclusions on this question. Employee is, we think, entitled to have the Commission find whether the insurance carrier complied with its rule.

Employee's assignments of error on his appeal to the Commission also seem to present the question of estoppel by conduct after notice of employee's change of condition. *Ammons v. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575. These questions have not been, but should be, determined by the Commission.

Reversed.