IRVIN WILLIS, EMPLOYEE PLAINTIFF v. J. M. DAVIS INDUSTRIES, INC., EMPLOYER; FIDELITY & CASUALTY COMPANY OF NEW YORK, CARRIER DEFENDANTS

No. 23

(Filed 15 March 1972)

1. Master and Servant § 77— workmen's compensation — change of condition — estoppel to plead one-year limitation

When a request for review of a workmen's compensation award for changed conditions is not made until more than twelve months after delivery and acceptance of a check in final payment, review of the award is barred under G.S. 97-47; nevertheless, the employer and his carrier may be estopped to plead the lapse of time.

2. Master and Servant § 77— workmen's compensation — change of condition — estoppel to plead one-year limitation — failure to furnish Form 28B with last compensation payment

Failure of the employer or the insurance carrier to furnish a copy of Industrial Commission Form 28B to plaintiff with his last compensation payment as required by an Industrial Commission rule did not estop them from asserting the one-year limitation of G.S. 97-47 as a defense to plaintiff's claim for additional compensation for change of condition; consequently, plaintiff's claim filed more than one year after receipt of his last compensation payment was barred by G.S. 97-47, notwithstanding it was filed within a year of his receipt of Form 28B from the carrier.

3. Master and Servant § 77— workmen's compensation — necessity for providing copy of Form 28B to employee

It is not required by statute that the employer provide a copy of Industrial Commission Form 28B to the employee, G.S. 97-18(f)

requiring only that a copy be filed with the Commission within 16 days after the final payment of compensation has been made.

4. **Evidence § 4— presumption that mail was received**

There is a *prima facie* presumption that material mailed to plaintiff was received by plaintiff in due course.

5. **Master and Servant § 77— workmen's compensation — changed conditions — statute of limitations — disapproval of statement in prior case**

The statement in *White v. Boat Corp.*, 261 N.C. 495—"If the carrier failed to comply with the rule by giving the employee notice of the limited time within which he could claim additional compensation, it failed to put the statute of limitations in operation"—is an inaccurate statement of the law and is disapproved.

APPEAL by defendants as of right under G.S. 7A-30(2) from decision of the Court of Appeals reversing decision of the North Carolina Industrial Commission which denied plaintiff further compensation. 13 N.C. App. 101, 185 S.E. 2d 28 (1971).

Plaintiff sustained a compensable injury while employed by the defendant J. M. Davis Industries, Inc., on 27 March 1968; and defendant Fidelity & Casualty Company of New York, carrier, paid compensation to plaintiff through 23 July 1968. Dr. H. M. Peacock certified that plaintiff was able to return to work on 24 July 1968, and plaintiff did resume work on that date. On 23 July 1968 defendant carrier mailed to plaintiff a draft in the amount of $38.01 as final payment of compensation benefits for temporary total disability for the period of 17 July 1968 through 23 July 1968. The draft was received and cashed by plaintiff on 25 or 26 July 1968. On 30 July 1968 defendant carrier completed I. C. Form 28B, which stated that the final payment of compensation had been made and the last compensation check forwarded to plaintiff on 23 July 1968. Copies of Form 28B were mailed to plaintiff and to the North Carolina Industrial Commission on 30 July 1968 and received by the Industrial Commission on 31 July 1968.

On 24 September 1968 attorneys representing plaintiff wrote defendant carrier demanding resumption of benefits for temporary total disability. On 25 September 1968 defendant carrier replied that plaintiff's claim was highly questionable, but if there was medical evidence sufficient to demonstrate that plaintiff's condition at the time was a result of the previous injury by accident, the company would reconsider its position.

Willis v. Davis Industries

Thereafter, on 6 November 1968 defendant carrier wrote plaintiff's attorneys observing that certainly not all of plaintiff's troubles were due to his industrial accident and inquiring as to whether plaintiff would be interested in a compromise settlement. Nothing further was heard from the plaintiff until 31 July 1969, when the Industrial Commission received a letter dated 30 July 1969 from plaintiff's attorneys requesting that the case be set for hearing.

At the hearing of this case defendants specifically pled the provisions of G.S. 97-47 in bar of plaintiff's claim for further compensation benefits. The hearing commissioner found as a fact that plaintiff had failed to notify the Industrial Commission within twelve months from the date of his last payment of compensation that a change in condition had occurred, and the commissioner concluded as a matter of law that plaintiff's claim for further compensation was barred by the provisions of G.S. 97-47 and denied plaintiff's request for additional compensation.

Plaintiff appealed to the full Commission which affirmed the holding of the hearing commissioner. Plaintiff then appealed to the North Carolina Court of Appeals, and that court, in an opinion by Judge Hedrick, concurred in by Judge Graham with Chief Judge Mallard dissenting, reversed the order entered by the full Commission and remanded the case to the Commission to make findings determinative of the questions at issue and proceed as the law requires. From this decision, defendants appealed to this Court.

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr., for defendant appellants.*

*Wheatly & Mason by L. Patten Mason for plaintiff appellee.*

MOORE, Justice.

The undisputed facts show that plaintiff received a draft dated 23 July 1968 as final payment for compensation due him for the injury which he sustained on 27 March 1968, and that he cashed this draft on 25 or 26 July 1968. It is admitted that plaintiff's attorneys wrote the Industrial Commission on 30 July 1969 requesting that plaintiff's claim be scheduled for hearing. This letter, received by the Commission on 31 July 1969, was the first notice to the Industrial Commission that

plaintiff was claiming additional compensation by reason of his injury, and was received by the Commission more than twelve months from the date of the last payment of compensation.

[1] When the request for a review of an award for changed conditions is not made until more than twelve months after delivery and acceptance of a check in final payment, review of the award is barred. G.S. 97-47; *Paris v. Builders Corp.*, 244 N.C. 35, 92 S.E. 2d 405 (1956). Nevertheless, defendants by their conduct may be estopped to plead the lapse of time. *Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971).

[2] In the present case, it is admitted that the request to review the award was made more than twelve months from the date of the last payment. This case then presents the question: Are defendants estopped to plead as their defense the failure of the plaintiff to notify the Industrial Commission of a change in conditions within twelve months from the last payment of compensation?

The Court of Appeals held:

"In the present case the record discloses that the defendants did not comply with the Commission's Rule XI 5 by sending a copy of Form 28B to the claimant with his last compensation check. The letter from plaintiff's attorney to the Commission requesting a hearing, dated 30 July 1969, was received by the Commission on 31 July 1969, and Form 28B, dated 30 July 1968, was received by the Commission on 31 July 1968. The Commission found as a fact that the defendant prepared and furnished the plaintiff with a copy of Form 28B on 30 July 1968. Thus, it appears that plaintiff's claim for additional compensation was made within twelve months of the time he was furnished a copy of Form 28B. Therefore, we hold the Commission was in error in concluding as a matter of law that defendants were not estopped to plead the lapse of time as a bar to plaintiff's claim for additional compensation."

G.S. 97-80 provides that "the Commission may make rules, *not inconsistent with this article,* for carrying out the provisions of this article." (Emphasis added.) Pursuant to this authority, the Commission adopted Rule XI 5, which in pertinent part provides: "The defendants will furnish . . . a copy of I. C. Form 28B to the claimant with his last payment of compensation for

either temporary total disability or permanent partial disability."

Form 28B, mailed by carrier to plaintiff and the Commission on 30 July 1968 and admittedly received by the Commission on 31 July 1968, contained certain information including the following:

> "8. Total Amount of Compensation Paid, $646.17.
>
> *     *     *
>
> "10. Date Last Compensation Check Forwarded, July 23, 1968.
>
> *     *     *
>
> "14. Does This Report Close the Case—including final compensation payment? Yes.
>
> *     *     *
>
> "NOTICE TO EMPLOYEE: If the answer to Item 14 above is 'Yes,' this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing *within one (1) year from the date of receipt of your last compensation check.*" (Emphasis added.)

[3] G.S. 97-18(f) specifically provides that the employer must file a copy of Form 28B with the Commission within 16 days after the final payment of compensation has been made. This section does not require that the employer provide a copy of such report to the employee, and no such requirement is found in any of the other provisions of Chapter 97. It should be noted that the Industrial Commission has now amended its Rule XI 5 to conform to G.S. 97-18(f) insofar as the time of sending Form 28B is concerned. Rule XI 5 now provides that defendants will send a copy of Form 28B to the claimant within sixteen days after his last payment of compensation, rather than sending it with the last payment as the rule formerly required.

[4, 5] Plaintiff relies on *White v. Boat Corp.*, 261 N.C. 495, 135 S.E. 2d 216 (1964), in which Justice Rodman, speaking for the Court concerning Form 28B, said:

> " . . . If that form was not given the employee, as the rules require, he was deprived of information which the

Commission specifically directed the carrier to furnish for his protection. It had legislative authority to require the insurance carrier to give employee this information. If the carrier failed to comply with the rule by giving employee notice of the limited time within which he could claim 'additional compensation, it failed to put the statute of limitations in operation."

In *White* there was no evidence or finding that the carrier ever gave claimant a copy of Form 28B or that plaintiff knew of the twelve months' limitation. In the present case, there was a finding that a copy of Form 28B was mailed to plaintiff on 30 July 1968, and plaintiff does not deny that he received it. There is a *prima facie* presumption that this form was received by plaintiff in due course. *York v. York*, 271 N.C. 416, 156 S.E. 2d 673 (1967); Stansbury, N. C. Evidence § 236, p. 589 (2d Ed. 1963). The form itself plainly stated that plaintiff must file any claim for additional compensation *within one year from the date of receipt of the last payment*. Plaintiff was represented by counsel, and both plaintiff and counsel knew or should have known of the twelve months' limitation. These facts are sufficient to distinguish the present case from *White*. More compelling, however, is the fact that plaintiff here had fifty-one weeks' advance notice of the time within which he could claim additional compensation for a change in condition under G.S. 97-47. This constituted substantial compliance with the Industrial Commission's Rule XI 5. It should be observed that the twelve months' limitation within which plaintiff could claim additional compensation commenced to run from the date on which he received the last payment of compensation and not from the time he received Form 28B. The expression—"If the carrier failed to comply with the rule by giving employee notice of the limited time within which he could claim additional compensation, it failed to put the statute of limitations in operation"— found in *White v. Boat Corp., supra,* is an inaccurate expression of the law and is disapproved.

To allow plaintiff's claim for additional compensation for the reason such claim was made within twelve months from the time he was furnished a copy of Form 28B would be contrary to the express provisions of G.S. 97-47. In effect it would be allowing the Commission by its rule-making authority to amend G.S. 97-47 to read "no such review shall be made after twelve

---

---

months from the receipt of Form 28B," rather than as provided by the General Assembly, "from the date of the last payment of compensation." This would exceed the authority granted the Commission by G.S. 97-80, which provides that the Commission may only make rules *not inconsistent* with the provisions of Article 1 of Chapter 97 of the North Carolina General Statutes. See *Motsinger v. Perryman*, 218 N.C. 15, 9 S.E. 2d 511 (1940).

The record in the present case fails to disclose any equitable grounds which would estop the defendants from pleading the provisions of G.S. 97-47, and the Court of Appeals cites none. That court, as a basis for its decision, simply states that since plaintiff's claim for additional compensation was made within twelve months of the time he was furnished a copy of Form 28B, the Commission was in error in concluding as a matter of law that defendants were not estopped to plead the lapse of time as a bar to plaintiff's claim for additional compensation.

Justice Higgins, in *Nowell v. Tea Company*, 250 N.C. 575, 579, 108 S.E. 2d 889, 891 (1959), discussing estoppel, states:

"The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. 'The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play.' *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114."

See *Ammons v. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575 (1962).

Plaintiff does not claim that the delay in filing his request for a review was induced by any acts, representations, or conduct of the defendants, the repudiation of which would amount to a breach of good faith. He does not contend that he has been misled or treated unfairly by defendants. To the contrary, the only reason plaintiff gives for claiming defendants should be estopped is that defendants failed to comply with Rule XI 5 issued by the Industrial Commission. He does not deny that he was notified on 30 July 1968 that he had until 25 or 26 July

1969 to apply for further benefits. Despite this notice, plaintiff elected not to apply for such benefits until 31 July 1969, more than one year later. We adhere to our ruling that the law of estoppel applies in compensation proceedings as in all other cases, but we hold that the facts here appearing are insufficient to invoke the doctrine in this case. See *Biddix v. Rex Mills,* 237 N.C. 660, 665, 75 S.E. 2d 777, 781 (1953), and cases therein cited.

The decision of the Court of Appeals is reversed, and the case will be remanded by that court to the North Carolina Industrial Commission for disposition in accordance with this opinion.

Reversed and remanded.