PATRICIA HUNTER, Employee, Plaintiff v. PERQUIMANS COUNTY BOARD OF
EDUCATION, Employer; SELF-INSURED, Defendant

No. COA99-1039

(Filed 1 August 2000)

### 1. Workers' Compensation— additional compensation—claim not timely

The Industrial Commission did not err in a workers' compensation action by finding and concluding that plaintiff's claim for additional compensation for a change of condition was not timely where plaintiff received a lump sum payment intended to be the last payment in March of 1993, the Commission did not approve the agreement for a lump sum payment until 20 April 1994, and plaintiff filed a claim on 3 April 1996 for additional compensation for a change in condition. The plain language of N.C.G.S. § 97-47 establishes that the limitations period begins to run on the date of the last payment of compensation and the date that triggers the running of the statute of limitations is the date the last payment is received, not the date the Commission approves the award.

### 2. Workers' Compensation— additional compensation—time limitations defense—not estopped

Defendants in a workers' compensation action were not estopped from raising the limitations period as an affirmative defense to a claim for additional compensation for a change of condition where they never filed Form 28B with plaintiff or the Commission. Although defendants should have filed the form, the plain language of N.C.G.S. § 97-18(h) provides a remedy only to the Commission, not to the plaintiff; here, the Commission assessed defendants a $25 fine pursuant to the statute. The Commission found that the March 1994 payment was final and was neither denied its right to determine whether the payment was final nor shirked its duty to do so.

### 3. Workers' Compensation— additional compensation—claim untimely filed—no bad faith inducement of delay

Defendants in a workers' compensation claim were not equitably estopped from raising the limitation period defense to a claim for additional compensation for a change of condition where the Commission explicitly concluded that there was no evidence that plaintiff's delay in filing her claim was induced by defendants and no evidence that defendants acted in bad faith.

Appeal by plaintiff from an opinion and award entered 15 July 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 June 2000.

*The Twiford Law Firm, L.L.P., by Branch W. Vincent, III, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Don Wright, for defendant-appellee.*

HUNTER, Judge.

Plaintiff-appellant, Patricia Hunter ("plaintiff"), appeals from the 15 July 1999 opinion and award of the North Carolina Industrial Commission ("Commission") denying her workers' compensation claim against Perquimans County Board of Education and Self-Insured, North Carolina School Board Association Insurance Trust, Agency (collectively "defendants") for additional compensation for an alleged change in condition. The Commission ruled that the plaintiff's claim for a change of condition was barred by the two-year limitations period set out in N.C. Gen. Stat. § 97-47. Plaintiff appeals to this Court arguing that her claim for additional compensation was timely filed. Alternatively, plaintiff argues that even if her claim was not timely filed, defendants were estopped from asserting the limitation period as an affirmative defense because they failed to: (1) file a Form 28B Notice of Final Payment ("Form 28B") with the Commission or (2) provide the plaintiff with a Form 28B after mailing the last payment of compensation. We find both arguments unpersuasive; therefore, we affirm the Commission's award.

The facts pertinent to this appeal are as follows: On 28 February 1990 plaintiff sustained a back injury arising out of and in the course of her employment with defendants. Plaintiff was compensated for her injury by defendants pursuant to a series of awards by the Commission. Following the 28 May 1992 final agreement and award by the Commission, defendants filed a Form 28B notice of final compensation with the Commission and provided plaintiff with a copy.

In 1993, plaintiff's doctor, Dr. Lorenzo Archer, having determined that plaintiff's condition had significantly deteriorated, increased plaintiff's permanent partial disability rating from thirty percent to forty percent. As a result, plaintiff and defendants entered into a Form 26 agreement for compensation which was approved by the Commission on 4 February 1994. The agreement provided for com-

pensation to plaintiff at a rate of $119.05 per week. Plaintiff's compensation payments were scheduled to commence on 22 September 1993 and continue for thirty weeks. On 24 January 1994, plaintiff applied for a lump sum payment of the compensation provided for in the Form 26 agreement. On 3 March 1994 in response to plaintiff's application, the defendants issued a check to plaintiff for the sum of her benefits; however, the lump sum payment application was not approved by the Commission until 20 April 1994. Defendants did not file a Form 28B notice of final compensation at any time after the lump sum payment was received by the plaintiff in early March 1994. More than two years later on 21 March 1996, plaintiff received an unsatisfactory report from Dr. Archer. Plaintiff then filed a claim on 3 April 1996 for additional compensation for a change in condition pursuant to N.C. Gen. Stat. § 97-47.

After conducting a hearing, Deputy Commissioner Kim Cramer found that plaintiff was no longer capable of gainful employment, had not earned any significant wages since 1994, and that the "final check was [mailed] to the Plaintiff in March, 1994" but the defendants failed to file a Form 28B to close out the case. Therefore, the deputy commissioner concluded that even though the plaintiff's claim was not filed within two years of receipt of her last compensation payment, the two-year limitation period of N.C. Gen. Stat. § 97-47 did not bar the plaintiff's claim because the claim was filed within two years of the date that the Commission approved the lump sum payment award. Defendants appealed to the Full Commission. The Commission rejected the deputy commissioner's conclusion that its approval of the lump sum payment application was the trigger for the limitations period.

In its opinion and award of 15 July 1999, the Full Commission made the same findings as Deputy Commissioner Cramer. However, the Commission further found that the failure of the defendants to provide a copy of Form 28B to plaintiff within sixteen days of the final payment as required by N.C. Gen. Stat. § 97-18(h) did not estop defendants from asserting the two-year limitation period provided for in N.C. Gen. Stat. § 97-47 as an affirmative defense to plaintiff's claim. Therefore, the Commission concluded that because plaintiff's claim was not made within two years of receipt of the last payment of compensation it was untimely. Thus, plaintiff's claim was barred.

Plaintiff preserved six assignments of error for this Court's review; however, plaintiff combines them into two arguments before this Court.

I

**[1]** Plaintiff's first contention is that the Commission erred by not finding as fact and concluding as a matter of law that her claim for additional compensation for a change in condition pursuant to N.C. Gen. Stat. § 97-47 was timely. We disagree.

It is well established that "the Industrial Commission is the fact finding body and . . . the findings of fact made by the Commission are conclusive on appeal, . . . if supported by competent evidence. . . . This is so even though there is evidence which would support a finding to the contrary." *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). Therefore, the appropriate standard of review by this Court is to determine only whether the Commission's findings of fact are supported by competent evidence and whether those findings indeed support the Commission's conclusions of law.

With regard to plaintiff's change in condition, N.C. Gen. Stat. § 97-47 provides in relevant part that:

> Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, . . . . [However,] *no such review shall be made after two years from the date of the last payment of compensation* pursuant to an award under this Article, . . . .

N.C. Gen. Stat. § 97-47 (1999) (emphasis added). Although the Commission did not approve the agreement for a lump sum payment until 20 April 1994, the record shows that plaintiff stipulates that she received the lump sum payment from defendants sometime in early March 1994. The record also reveals that the lump sum payment, intended to be plaintiff's last payment of compensation, was mailed by defendants on 3 March 1994.

We begin by emphasizing that the plain language of the statute establishes that the limitations period begins to run on "the date of the last payment of compensation." N.C. Gen. Stat. § 97-47. It is well established by case law that this section provides a limitations period requiring any claim for additional compensation on the grounds of a change in condition to be made within two years of the date the last payment of compensation was received by the claimant. *Apple v. Guilford County*, 321 N.C. 98, 361 S.E.2d 588 (1987). Further, the limitation period is not jurisdictional, but merely provides a defense that

may be raised by the employer. *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 281 S.E.2d 463 (1981). The date that triggers the running of the statute of limitations is the date that the last payment of compensation is received by the claimant, *not* the date the Commission actually approves the award. *Willis v. Davis Industries*, 280 N.C. 709, 186 S.E.2d 913 (1972). *See also White v. Boat Corporation*, 261 N.C. 495, 135 S.E.2d 216 (1964); *Hill v. Hanes Corp.*, 79 N.C. App. 67, 339 S.E.2d 1 (1986), *aff'd in part, rev'd in part on other grounds*, 319 N.C. 167, 353 S.E.2d 392 (1987). Therefore, because the limitations period began to run when plaintiff received her last payment of compensation in early March 1994, we hold that plaintiff's claim for additional compensation filed with the Commission on 3 April 1996 was untimely.

Nonetheless, plaintiff contends that the filing of Commission Form 28B is necessary to trigger the running of the limitation period and that without such filing, the limitations period never began to run. Plaintiff argues, "[i]f no Form 28B is served upon the employee, then the date the last compensation check was received by the employee has no legal significance. . . . The receipt of the check only has legal significance when a Form 28B is timely served on the employee." However, plaintiff's argument is completely inapposite to case law which provides that, "the time limitation commences to run from the date on which [the employee] receive[s] the last payment of compensation, *not* from the date on which the employee receive[s] a Form 28B." *Cook v. Southern Bonded, Inc.*, 82 N.C. App. 277, 280, 346 S.E.2d 168, 170 (1986) (emphasis added). Further, if the General Assembly had intended for the limitation to be contingent upon the filing of Form 28B it would have so provided. *See Willis*, 280 N.C. at 714-15, 186 S.E.2d at 916. Therefore, since the limitation period began to run when plaintiff received her last payment of compensation in early March 1994, it was not affected by whether plaintiff also received a copy of Form 28B.

II

[2] Plaintiff's next assignment of error is that in the alternative, the Commission erred by failing to hold that even if her claim was untimely, defendants were estopped from raising the limitation period as an affirmative defense because defendants never filed Form 28B with plaintiff or the Commission. Again, we disagree.

We begin by noting that our Supreme Court has held that the purpose of the limitation period in N.C. Gen. Stat. § 97-47 is:

[T]o give timely notice to employer and insurance carrier that a further claim is being made . . . [t]he employer and the insurance carrier are entitled to treat final payment under a Form 21 agreement as closing the proceeding, absent timely notice that an employee seeks further compensation due to change of condition.

*Apple*, 321 N.C. at 101, 361 S.E.2d at 590. We reiterate that both our Legislature and Supreme Court have found great importance in providing notice to the employer when the employee seeks further compensation. It is good public policy to bring closure to disputes and an end to liability. *Pennington*, 53 N.C. App. 584, 281 S.E.2d 463.

Contrarily, N.C. Gen. Stat. § 97-18(h) provides for notice of final payment beyond the receipt of benefits to the employee. In relevant part N.C. Gen. Stat. § 97-18(h) provides:

Within 16 days after final payment of compensation has been made, the employer shall send to the Commission and the employee a notice, in accordance with a form prescribed by the Commission, . . . . *If the employer fails to so notify the Commission or the employee within such time, the Commission shall assess against such employer a civil penalty in the amount of twenty-five dollars* ($25.00). . . .

N.C. Gen. Stat. § 97-18(h) (1999) (emphasis added). It is true that the purpose of an employer's being required to file a Form 28B is to give the Commission and the employee notice that the final payment has been made. *Hill*, 79 N.C. App. 67, 339 S.E.2d 1. However, reason dictates that because the employee entered into an agreement of compensation, she was aware of the terms of that agreement. Therefore, the Form 28B notice required by N.C. Gen. Stat. § 97-18(h) is actually a reminder and not a notification. Neither our General Assembly nor our case law has interpreted an employer's failure to file such notice as providing an employee with a right to remedy. *Hill*, 79 N.C. App. 67, 339 S.E.2d 1. In fact, the only remedy allowed is for the Commission and that being nominal. *See* N.C. Gen. Stat. § 97-18(h). Therefore, although we agree that defendants *should have* filed a Form 28B with plaintiff and the Commission, the plain language of this section provides a remedy only to the Commission, not to the plaintiff/employee, for the defendant/employer's failure to comply with its express provisions.

In the case at bar, the Commission found that defendants had failed to comply with N.C. Gen. Stat. § 97-18(h)'s requirement that

they file a Form 28B with the Commission and plaintiff. Subsequently, the Commission assessed the defendants with a twenty-five dollar fine pursuant to § 97-18. When the statutory language is "clear and without ambiguity, 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). Because the General Assembly provided an express remedy only for the Commission, we are compelled to assume that no private remedy was intended for the employee. Further, the importance, or lack thereof, that the Legislature placed on the filing of the Form 28B for notice is reflected in the nature of the penalty. A twenty-five dollar penalty for non-compliance is nominal. We hold then, that there is no further remedy provided at law for defendants' failure to file Form 28B.

However, we acknowledge that plaintiff bases her argument on this Court's holding in *Sides v. Electric Co.*, 12 N.C. App. 312, 183 S.E.2d 308 (1971). Plaintiff contends that the following statement in *Sides* should be controlling:

Under the Commission's rule XI(5) promulgated pursuant to statutory authority contained in G.S. 97-80, defendants must execute Form 28(b) and furnish a copy to a claimant with his last compensation check. A failure to do so will estop defendants from pleading the lapse of time in bar of a claim asserted for additional compensation on the grounds of a change in condition. . . .

*Id.* at 314, 183 S.E.2d at 310 (citations omitted). This argument was based on our Supreme Court's holding in *White*, 261 N.C. 495, 135 S.E.2d 216, requiring that the employer or insurance carrier comply with the Commission rule and give the employee notice. In *White*, our Supreme Court further stated that failure to comply with the rule would result in failure to put the limitation period into operation. *Id.* **However, the Supreme Court's decision in *Willis v. Davis Industries*, directly overruled the relevant portion of *White*,** thus plaintiff's reliance is unfounded. *Willis*, 280 N.C. 709, 186 S.E.2d 913. Since the statement from *Sides*, upon which plaintiff relies, is no longer good law, we overrule plaintiff's contention.

A more recent case interpreting the effect of the statutory requirement that Form 28B must be filed provides:

[F]or purposes of G.S. Sec. 97-47, the statutory one-year period [now two years] for filing a claim for a change of condition begins at the time final payment is accepted, not when Form 28B is filed. Nonetheless, the Commission must be given the opportunity to determine whether a payment labeled "final" is or should be, in fact, the final payment. . . .

*Hill,* 79 N.C. App. at 75, 339 S.E.2d at 6 (citation omitted). *See also Cook,* 82 N.C. App. 277, 346 S.E.2d 168. Although the *Hill* court's interpretation of section 97-18(h) requires that the Commission be granted the opportunity to determine if the payment is indeed a final payment, the clear demarcation of the limitation period beginning to run is "at the time final payment is accepted, *not* when Form 28B is filed." *Hill,* 79 N.C. App. at 75, 339 S.E.2d at 6 (emphasis added).

We note in the case at bar, that the Commission was neither denied its right to determine whether the payment labeled "final" was indeed final as to this plaintiff; nor did the Commission shirk its duty to do so. Instead, the Commission found as fact that the 3 March 1994 disbursement was the final payment. Because the Commission's findings of fact are conclusive on appeal if supported by any competent evidence in the record and because there is evidence of record to support the Commission's finding in this case, plaintiff's argument that defendants were estopped is overruled. *Hansel,* 304 N.C. 44, 283 S.E.2d 101.

**[3]** Nonetheless, plaintiff continues to argue that even if defendants were not estopped from pleading the limitation period defense, defendants should have been equitably estopped from pleading the limitation period. We are unpersuaded. Our Supreme Court recognizes a plaintiff's right to assert equitable estoppel in preventing a defendant in a worker's compensation action from asserting the time limitation defense only when the defendant, " '. . . by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith' " has caused harm to plaintiff. *Watkins v. Motor Lines,* 279 N.C. 132, 139-40, 181 S.E.2d 588, 593 (1971) (quoting *Nowell v. Tea Co.,* 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959)). Our Supreme Court opined:

"The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. 'The doctrine of equitable estoppel is based on an

application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play.' *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114 [1937]."

*Willis*, 280 N.C. at 715, 186 S.E.2d at 916-17 (quoting *Nowell v. Tea Co.*, 250 N.C. at 579, 108 S.E.2d at 891). Thus for the present plaintiff to succeed in her argument, she must show that defendants induced her delay in filing her claim by some bad act, representation, or conduct. On the contrary, the Commission explicitly concluded that there was "no evidence of record that plaintiff's delay in filing her claim for a change of condition was induced by any acts, representations or conduct on the part of defendant and [there was] no evidence that defendant acted in bad faith." We hold then that, based on the findings of the Commission which are substantiated by competent evidence, there are no grounds upon which the Commission should have concluded defendants were equitably estopped from pleading the statutory limitation period defense.

We further hold that since defendants were not barred from raising the limitation period as a defense to plaintiff's claim, and since plaintiff's claim was not timely filed, defendants' defense necessarily defeats plaintiff's untimely claim. Because the record provides competent evidence for the Commission's findings of fact and those findings support the Commission's conclusions of law, the Commission's opinion and award is

Affirmed.

Judges GREENE and HORTON concur.