IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1153

Filed: 17 November 2020

North Carolina Industrial Commission, File No. 869769

DERRICK DUNBAR, Plaintiff

v.

ACME SOUTHERN, Employer, HARTFORD UNDERWRITERS INSURANCE COMPANY (THE HARTFORD), Carrier, Defendants.

Appeal by Plaintiff from Opinion and Award entered 3 September 2019 by Commissioner Charlton L. Allen for the North Carolina Industrial Commission. Heard in the Court of Appeals 23 September 2020.

*Seth M. Bernanke for the Plaintiff-Appellant.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones and Michael F. Hedgepeth, for Defendants-Appellees.*

DILLON, Judge.

Derrick Dunbar ("Plaintiff") was injured in 1998 and received medical compensation from his employer's insurer for over a decade. Plaintiff appeals from an order entered last year by the North Carolina Industrial Commission (the "Commission") in which the Commission concluded that Plaintiff was no longer entitled to medical compensation for that injury. The Commission based its determination on the fact that no claim had been made to the insurer for medical compensation for over two years. For the reasoning explained below, we affirm.

## I. Factual and Procedural Background

In 1998, Plaintiff was injured in a workplace accident. He entered into a settlement agreement with his employer, Defendants Acme Southern, Inc., and the employer's insurer, Hartford Underwriters Insurance Company ("Hartford") as to Plaintiff's *indemnity* compensation. However, the parties did not reach a settlement agreement as to Plaintiff's *medical* compensation.

While Plaintiff's claim for medical compensation remained pending, Plaintiff's medical providers billed Hartford for Plaintiff's medical treatment related to his injuries, and Hartford paid the submitted bills.

However, sometime around 2013, Plaintiff's medical providers began billing Medicare for reimbursement rather than billing Hartford. Neither Plaintiff nor Hartford knew of this change in billing by the medical providers, so Plaintiff was unaware that Hartford was no longer paying for his medical treatment, and Hartford was unaware that Plaintiff continued to receive medical treatment. Hartford made no payments for Plaintiff's treatment after October 2013.

In 2017, Plaintiff was referred to a medical provider for pain management. He sought authorization from Defendants for this treatment, which was denied. Therefore, on 15 February 2018, more than four years after Hartford last paid any medical compensation for Plaintiff's 1998 injuries, Plaintiff filed a request with the

Commission for a hearing to determine whether he was entitled to further medical compensation from Defendants.

After a hearing on the matter, a deputy commissioner concluded that Plaintiff was not entitled to continued medical compensation because he had not submitted a request for more than two years since Hartford's last payment. Plaintiff appealed to the Full Commission, which affirmed the deputy commissioner's ruling. Plaintiff timely appeals. After careful review, we affirm.

## II. Analysis

Plaintiff makes several arguments on appeal, which we address in turn.

### A. Notice Requirement

Plaintiff's main argument is that his claim should not be barred by the fact that Hartford did not make any payments for his medical compensation for a two-year period.

The issue presented by Plaintiff is one of statutory construction, which, as a question of law, we review *de novo*. *Wood v. J.P. Stevens & Co.*, 297 N.C. 636, 642, 256 S.E.2d 692, 696 (1979) (recognizing that "the construction of a statute is ultimately a question of law for the courts"). Specifically, Plaintiff's argument concerns the interplay of two statutes – Section 97-25.1 and Section 97-18(h) – both which are part of our Workers' Compensation Act (the "Act").

The Commission denied Plaintiff's claim based on N.C. Gen. Stat. Section 97-25.1, which provides that "[t]he right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless" the employee's right to further compensation is preserved in one of two ways, neither of which apply in the present case. N.C. Gen. Stat. § 97-25.1 (2018).[1]

In the present case, Hartford last made a payment for Plaintiff's medical compensation in October 2013, after it received its last bill from Plaintiff's medical provider.[2] The parties stipulate that Plaintiff was not aware that Hartford was no longer being billed after October 2013 for his care.

Plaintiff argues, though, that Section 97-25.1 should be read *in pari materia* with Section 97-18(h), which requires an insurer that provides coverage to an injured employee to promptly notify the employee and the Commission when it has made its "final" payment. This Section further provides that the failure by the insurer to provide this required notice will result in a $25.00 penalty, to be paid to the Commission. Specifically, Section 97-18(h) provides that

> Within 16 days after final payment of compensation has been made, the employer or insurer shall send to the Commission and the employee a notice . . . stating that such

---

[1] Specifically, Section 97-25.1 provides that an employee's right to further medical compensation may be preserved, notwithstanding any payments being made in a two year period if, within the two year period, either (1) "the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission" or (2) "the Commission on its own motion orders additional medical compensation." N.C. Gen. Stat. § 97-25.1.

[2] There is no indication that any payment was made towards Plaintiff's indemnity compensation claim after 2013, as Plaintiff's claim for indemnity compensation was settled in 2003.

final payment has been made . . . . If the employer or insurer fails to so notify the Commission or the employee within such time, the Commission shall assess against such employer or insurer a civil penalty in the amount of twenty-five dollars ($25.00). . . .

N.C. Gen. Stat. § 97-18(h).

Specifically, Plaintiff argues that Hartford should not be deemed to have made its "last" payment under Section 97-25.1, thus starting the two-year clock, unless and until Hartford provided notice to Plaintiff that it had made its "final" payment under Section 97-18(h). We disagree.

Our Supreme Court has provided five guides for courts when construing the Act, imploring that the Act should be construed liberally, but that a court should not engage in "judicial legislation" by enlarging coverage beyond the plain meaning of the terms used by our General Assembly:

> First, the Workers' Compensation Act should be liberally construed, whenever appropriate, so that benefits will not be denied upon mere technicalities or strained and narrow interpretations of its provisions.
>
> Second, such liberality should not, however, extend beyond the clearly expressed language of those provisions, and our courts may not enlarge the ordinary meaning of the terms used by the legislature or engage in any method of "judicial legislation."
>
> Third, *it is not reasonable* to assume that the legislature would leave an important matter regarding the administration of the Act open to inference or speculation; consequently, the judiciary should avoid ingrafting upon a

law something that has been omitted, which it believes ought to have been embraced.

Fourth, in all cases of doubt, the intent of the legislature regarding the operation or application of a particular provision is to be discerned from a consideration of the Act as a whole — its language, purposes and spirit.

Fifth, and finally, the Industrial Commission's legal interpretation of a particular provision is persuasive, although not binding, and should be accorded some weight on appeal and not idly cast aside, since that administrative body hears and decides all questions arising under the Act in the first instance.

*Deese v. Southeastern Law and Tree Expert Co.*, 306 N.C. 275, 277-78, 293 S.E.2d 140, 142-43 (1982) (emphasis added) (citations and quotation marks omitted).

Applying *Deese*, we conclude that the notice requirement in Section 97-18(h) regarding a "final payment" is unrelated to the two-year provision in Section 97-25.1 regarding a "last payment."

The plain language of Section 97-25.1 bars compensation beyond the two-year period following the last payment of either medical or indemnity compensation, and contains no language suggesting that any "notice" is a condition to the accrual of the limitation period. Our appellate courts have always construed the term "last payment" as the date of the last actual payment made by the insurer (or employer). *See Busque v. Mid-America Apartment Cmtys.*, 209 N.C. App. 696, 707, 707 S.E.2d 692, 700 (2011) (determining that the "last payment" was the most recent payment that was issued to the injured party); *Harrison v. Gemma Power Sys., LLC*, No.

COA13-1358, 2014 WL 2993853, at \*4 (N.C. Ct. App. July 1, 2014) (unpublished) (defining "last payment" as the "the most recent payment of medical or indemnity benefits that has actually been paid"). Section 97-18(h) does not refer to the "last" payment, but rather the "final" payment.

Further, Section 97-18(h) plainly states the appropriate sanction for failing to provide a required notice of a "final" payment is a nominal civil fine. Had the General Assembly intended that providing notice under Section 97-18(h) was a condition to bar future claims under Section 97-25.1, that body would have said so: "the legislature would [not] leave [this] important matter . . . open to inference or speculation[.]" *Deese*, 306 N.C. at 278, 293 S.E.2d at 143. We are further persuaded by the holding of our Court in *Hunter v. Perquimans County Board of Education* that the failure to provide notice when required by Section 97-18(h) has no impact on the operation of the limitations period for termination of indemnity compensation under Section 97-47. 139 N.C. App. 352, 357, 533 S.E.2d 562, 566 (2000) (stating that "the Form 28B notice required by N.C. Gen. Stat. § 97-18(h) is actually a reminder and not a notification. Neither our General Assembly nor our case law has interpreted an employer's failure to file such notice as providing an employee with a right to remedy." (citation omitted)).

In any event, Section 97-18(h) does not apply in this case. There is no way Hartford could have known within 16 days of providing coverage in October 2013 that this payment would be the last payment Plaintiff would have sought.

## B. Estoppel

Plaintiff argues that even if his claim for further compensation is barred by Section 97-25.1, Defendants should be equitably estopped from asserting this Section as a defense in this case. On the facts of this case, we disagree.

Plaintiff points to no evidence that Hartford was aware that Plaintiff was continuing to incur medical expenses after October 2013. There is no indication that Hartford acted in bad faith or acted in any way to induce Plaintiff into a false sense of security regarding its willingness to continue providing medical compensation. Therefore, we hold that Plaintiff's estoppel argument fails.

While our courts have recognized that equitable doctrines are available in workers' compensation cases, we express no view as to whether estoppel would ever apply with respect to Section 97-25.1. *See Biddix v. Rex Mills, Inc.*, 237 N.C. 660, 665, 75 S.E.2d 777, 781 (1953); *Daugherty v. Cherry Hospital*, 195 N.C. App. 97, 102, 670 S.E.2d 915, 919 (2009). It could be argued that estoppel should apply where an insurer was continuing to be billed but was not making payments, though acting in a way to suggest that they would make said payments. But such is not the case here.

Our holding is limited to situations where the two-year gap was caused by the fact that the insurer was not being billed.

## C. Due Process

Plaintiff contends that if the Act does not require that Defendants provide Plaintiff with notice, the Act then violates our North Carolina Constitution by unfairly taking away Plaintiff's property right to medical compensation.

Notice is a due process consideration, required under the Fourteenth Amendment to the United States Constitution and article. 1, Section. 19 of the state constitution. *City of Randleman v. Hinshaw*, 267 N.C. 136, 139-40, 147 S.E.2d 902, 904-05 (1966). "No person shall be . . . deprived of his life, liberty, or property, but by the law of the land." N.C. CONST. art. I, § 19. "Procedural due process protection ensures that when government action deprives a person of life, liberty, or property . . . that action is implemented in a fair manner." *State v. Thompson,* 349 N.C. 483, 491, 508 S.E.2d 277, 282 (1998) (quotation marks omitted) (citing *U.S. v. Salerno*, 481 U.S. 739, 746 (1987); *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)). With procedural due process questions, this Court must first "determine whether there exists a liberty or property interest which has been interfered with by the State . . ." *In re W.B.M.*, 202 N.C. App. 606, 615, 690 S.E.2d 41, 48 (2010) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 571 (1972)).

Here, the Act does not deprive Plaintiff of an existing liberty or property interest or of a "vested right." Plaintiff is only entitled to medical compensation as far as the Act defines the scope of that compensation. Section 97-25.1 states that a plaintiff is no longer entitled to compensation after two years have passed since the employer's last payment. Once that period expires, the property interest terminates.

The statute itself also provides Plaintiff with notice of termination of the right to medical compensation because "[a]ll citizens are presumptively charged with knowledge of the law." *Atkins v. Parker,* 472 U.S. 115, 130 (1985). For these reasons, the Act does not violate Plaintiff's due process rights.[3]

## IV. Conclusion

We conclude that the Commission did not err in determining that Plaintiff was not entitled to further medical compensation where more than two years elapsed since Defendants last made a compensation payment, notwithstanding that Defendants never provided notice that its last payment would be the "final" payment. We further conclude that neither Plaintiff's vested rights nor constitutional rights were violated by the Commission's order.

AFFIRMED.

Judges INMAN and YOUNG concur.

---

[3] Based on our holding, we need not address Defendants' argument concerning the Commission's failure to find that Plaintiff knew of Defendants' termination of payments.