BLANCHE SLOAN GAY, EMPLOYEE v. NORTHAMPTON COUNTY SCHOOLS, EMPLOYER; STATE BOARD OF EDUCATION, INSURER

No. 696IC176

(Filed 18 June 1969)

**Master and Servant § 77— change of condition — review of award — notice to employee — finding of fact**

In a hearing to review an award for a change of condition, failure of the Industrial Commission to make finding of fact whether employer and its insurer gave employee notice required by rule of the Commission (Form 28B) that if the employee claimed further benefits he would have to notify the Commission in writing within a year, *held* error, and the cause is remanded to the Commission for a finding thereon.

APPEAL by defendants from the North Carolina Industrial Commission order of 11 September 1968.

On 9 March 1965, plaintiff filed with the North Carolina Industrial Commission a request for hearing due to change of condition. Hearing was had in Charlotte on 26 March 1968 before Commissioner Shuford who subsequently entered an opinion and award in favor of plaintiff. Defendants appealed to the Full Commission which affirmed the award. Defendants appealed assigning as error certain portions of the findings of fact and conclusions of law.

*No appearance for plaintiff.*

*Attorney General Robert Morgan by Staff Attorney Richard N. League for defendant appellants.*

MORRIS, J.

Defendants except to that portion of finding of fact No. 1 which reads ". . . but copy of such form was not received by plaintiff", to conclusion of law No. 1 which reads "Plaintiff's claim is not barred by the limitations contained in G.S. 97-47. *White v. Boat Corporation, supra"*, and that portion of conclusion of law No. 2 as follows: "Plaintiff is therefore entitled to additional compensation".

Defendants contend that plaintiff's claim is barred by the provisions of G.S. 97-47 which provides that the Commission may, on its own motion or upon application of any party in interest, review an award on the grounds of a change in condition, but "no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this article, . . ."

There seems to be no dispute as to the last payment of compensation. No exception is made to the finding of fact that it was made in January 1964.

Rule XIV(2) promulgated by the Industrial Commission provides: "No insurance carrier or employer shall cease payment of compensation before the terms of the award have been fully complied with, unless and until such insurance carrier or employer shall have filed with the Commission a request to discontinue the payment of compensation upon the form prescribed, in which the reasons supporting such request shall be stated in full, *and a copy thereof shall have been mailed to or served upon the employee."* (Emphasis added.) North Carolina Workmen's Compensation Act and the North

Carolina Tort Claims Act Annotated and Rules and Regulations Governing Administration (1968), p. 219-220.

A copy of this form appears in the record. It bears the designation I. C. FORM 28B. At the bottom thereof in boldface print appears the following: "NOTICE TO EMPLOYEE: If the answer to Item No. 14 above is 'Yes', this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check."

In *White v. Boat Corporation,* 261 N.C. 495, 498, 135 S.E. 2d 216, Justice Rodman, speaking for the Court and referring to a similar situation, said:

> "Did the carrier execute Form 28B and *furnish the employee* with a copy of that form? If so, was it furnished within 16 days as required by the Commission's order? What date does that form show as the date of last payment? If *that form was not given the employee,* as the rules require, he was deprived of information which the Commission specifically directed the carrier to furnish for his protection. It had legislative authority to require the insurance carrier to give employee this information. If the carrier failed to comply with the rule by giving employee notice of the limited time within which he could claim additional compensation, it failed to put the statute of limitations in operation." (Emphasis added.)

We find no finding of fact with respect to whether defendants complied with the rules of the Commission. We do not consider the finding that the plaintiff did not receive such a form sufficient compliance, nor the finding that it was the custom and practice of defendant to send compensation recipients Form 28B when a case was closed sufficient finding of defendants' compliance. In the light of the provisions of Rule XIV(2) and the opinion in *White v. Boat Corporation, supra,* we hold that such a finding is necessary, and the case is remanded to the Industrial Commission for findings of fact in accord with this opinion and conclusions of law thereon.

Remanded.

CAMPBELL and PARKER, JJ., concur.