JOHN W. CHISHOLM, JR., EMPLOYEE, PLAINTIFF v. DIAMOND CONDOMINIUM CONSTRUCTION COMPANY, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8610IC242

(Filed 7 October 1986)

1. **Master and Servant § 77.1— workers' compensation—claim for additional benefits—change of condition standard**

The Industrial Commission properly applied the "change of condition" standard of N.C.G.S. § 97-47 to plaintiff's claim for additional benefits where

Chisholm v. Diamond Condominium Constr. Co.

plaintiff had previously received compensation for temporary total disability pursuant to an agreement approved by the Commission, and where, following the final compensation payment to plaintiff, defendant insurer filed I.C. Form 28B to close the case and forwarded a copy of Form 28B to plaintiff.

2. **Master and Servant § 94.4— workers' compensation—denial of motion to reopen case**

The full Commission was not required to make findings of fact before denying plaintiff's motion to remand the case for a hearing to take additional evidence, and the Commission did not err in denying plaintiff's motion where the record reveals only that plaintiff now has access to medical records which were inaccessible to him at the initial hearing, but there was no showing of the nature of the newly-discovered evidence or how it concerns the question before the Commission of whether plaintiff sustained a timely and substantial change of condition.

APPEAL by plaintiff from Opinion and Award of North Carolina Industrial Commission entered 18 September 1985. Heard in the Court of Appeals 26 August 1986.

John W. Chisholm, Jr., a 36-year-old truck driver employed by defendant-employer Diamond Condominium Construction Company, suffered a back injury when he stepped in a hole while delivering a load of lumber. Under the terms of an Industrial Commission Form 21 Agreement for Compensation for Disability between plaintiff and defendant dated 20 August 1974, plaintiff received workers' compensation benefits at the rate of $80 per week beginning 11 July 1974 and continuing for "necessary weeks." The Agreement was approved by the Industrial Commission on 23 August 1974. The record does not reveal whether a full and complete medical report was submitted to the Commission along with the Agreement ultimately approved by the Commission. Plaintiff returned to work for a new employer on 27 November 1974 and continued to work for this and subsequent employers until December 1977, from which time he has been totally disabled.

Plaintiff's final compensation check was forwarded to him 10 December 1974 along with a copy of Industrial Commission Form 28B, also dated 10 December 1974, which reported plaintiff's case closed. On 15 February 1975, plaintiff filed an additional I.C. Form 18 claim alleging injury to his right leg and lower back resulting from the 10 July 1974 accident. Plaintiff did not allege any change of condition or specify any permanent injuries.

The case was heard before the Industrial Commission on 25 October 1983. In denying plaintiff's claim, the deputy commissioner concluded that plaintiff did not sustain a change of condition within two years of the last payment of compensation for disability, and that as such, plaintiff's claim was barred. Plaintiff appealed to the full Commission.

While the appeal to the full Commission was pending appeal, plaintiff filed a motion to remand the case to take additional evidence, and attached supporting affidavits and exhibits thereto. The full Commission denied plaintiff's motion, found no reversible error, and adopted the Opinion and Award filed by the deputy commissioner. Plaintiff appeals.

*Lore and McClearen by R. James Lore, for plaintiff appellant.*

*Gene Collinson Smith for defendant appellees.*

MARTIN, Judge.

Plaintiff presents two issues in this appeal arguing that the Industrial Commission erred in its application of G.S. 97-47 to his claim and in its failure to make findings of fact and conclusions of law before denying his motion for hearing to take additional evidence. Upon review of the record, we find no error in the Commission proceedings and affirm its Opinion and Award denying plaintiff's claim.

[1] Plaintiff first contends that the Industrial Commission misapprehended the applicable law in denying his claim, and erroneously applied the "change of condition" standards contained in G.S. 97-47. Plaintiff argues that the issue of whether he underwent a substantial change of condition is immaterial to the resolution of what plaintiff asserts is his right to additional compensation for disability benefits. He further argues that G.S. 97-47 applies only to cases where the claimant has completed the healing period, received a permanent disability rating from a physician, and acquired a final award or other resolution of the claim. We disagree and hold that G.S. 97-47 is dispositive of plaintiff's claim.

Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer on 10 July 1974. Defendant admitted liability and entered into an agreement

with plaintiff for compensation for "necessary weeks" on I.C. Form 21. Pursuant to G.S. 97-82, the agreement for compensation was submitted to the Industrial Commission for approval. Once approved, the agreement became an award of the Commission enforceable, if necessary, by court decree. *Biddix v. Rex Mills, Inc.,* 237 N.C. 660, 75 S.E. 2d 777 (1953). Plaintiff received workers' compensation benefits in the amount of $80.00 per week until 27 November 1974, when he returned to work. Plaintiff's final compensation payment was forwarded to him on 10 December 1974. Following the issuance of plaintiff's final compensation payment, defendant-insurer executed and filed I.C. Form 28B to close the case and forwarded a copy of the form to plaintiff. By its terms, Form 28B gave notice to plaintiff that his case was closed and that he had one year (now two years) in which to notify the Commission, in writing, that he claimed further benefits. G.S. 97-47. Plaintiff was not requested to sign a copy of I.C. Form 28B.

We hold that the execution and filing of I.C. Form 28B in fact closed plaintiff's case and terminated his claim for injuries arising out of the 10 July 1974 accident. *See Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971). Plaintiff's signature was not a necessary element for the proper execution of the form. It is sufficient that the insurer gave plaintiff notice of the closing and of his right to claim further benefits after the closing by forwarding to plaintiff a copy of Form 28B. *See Gay v. Northampton County Schools,* 5 N.C. App. 221, 168 S.E. 2d 57 (1969).

Plaintiff subsequently completed and filed an additional notice of accident, I.C. Form 18, claiming that he was still experiencing impairments in his lower back and right leg as a result of the 10 July 1974 accident. Plaintiff did not specifically allege any change in condition or any permanent injuries. We hold that plaintiff's act of filing an additional I.C. Form 18 was sufficient to give the Commission the requisite written notice of plaintiff's claim to further benefits. *See Shuler v. Talon Division of Textron,* 30 N.C. App. 570, 227 S.E. 2d 627 (1976).

The case was heard and the claim denied pursuant to G.S. 97-47 for plaintiff's failure to show a substantial change in condition within two years of his last compensation check. Plaintiff contends that the court erred in applying the change in condition standards of G.S. 97-47 to his claim because his initial claim was

never finalized. He argues that his initial award for benefits could never have become final because the extent of any permanent disabilities he may have suffered had not been determined. We disagree. Plaintiff's initial compensation award for temporary total disabilities was determined by agreement prior to the time plaintiff became fully aware of the extent of his injuries.

> "Where the harmful consequences of an injury are unknown when the amount of compensation to be paid has been determined by agreement but subsequently develops, the amount of compensation to which the employee is entitled can be redetermined within the statutory period for reopening. It is a 'change in condition' as the term is used in the statute." *Smith v. Red Cross,* 245 N.C. 116, 95 S.E. 2d 559 (1956).

*Watkins, supra,* at 138, 181 S.E. 2d at 592-93. Plaintiff's initial claim was closed upon the filing of Form 28B. As such, the proper procedure for presenting plaintiff's claim for his alleged permanent disabilities was through the statutorily prescribed procedure for compensation for substantial change of condition. The fact that plaintiff alleges further permanent disabilities does not impact on the finality of his award for temporary total disabilities. " 'The fact that the change necessitates making an award in an entirely different category, as when an original award was one of temporary benefits for time loss and the award on reopening would be for total permanent disability, is no obstacle to reopening.' Larson, Workmen's Compensation, § 81.31." *Id.*

After giving notice of his claim for further benefits, plaintiff's claim remained pending until it came on for hearing on 25 October 1983. At that hearing, it was plaintiff's burden to show that he had undergone a substantial change of condition within the requisite statutory period after receipt of his last compensation check. *See Burrow v. Hanes Hosiery, Inc.,* 66 N.C. App. 418, 311 S.E. 2d 30 (1984); *Moore v. Superior Stone Co.,* 242 N.C. 647, 89 S.E. 2d 253 (1955); *Aylor v. Barnes,* 242 N.C. 223, 87 S.E. 2d 269 (1955). The deputy commissioner found that the evidence presented did not show that plaintiff had sustained a substantial change of condition within the prescribed period and the full Commission agreed.

In reviewing an Opinion and Award from the Industrial Commission, it is our task only to determine if there is any competent evidence in the record to support the Commission's findings of fact which, in turn, must support its conclusions of law. *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 314 S.E. 2d 833 (1984).

Plaintiff's evidence consisted entirely of his own testimony. He testified that on 10 July 1974, while walking back to his truck after unloading some lumber for defendant-employer, he jumped over a foundation and fell into a hole in a twisted position. As he started to get up, he felt something snap in his lower back. His doctor prescribed medication and hot baths for pain stemming from a ruptured disc. Plaintiff stated that he was still experiencing pain when he began work for Pinehurst Race Track on 27 November 1974, and that he still has the same pain. He continued receiving treatments for his back after he returned to work. Plaintiff also testified that he suffered a second injury to his back sometime in 1977, which necessitated surgery to remove two discs from his back. The record contains no medical evidence concerning the cause and extent of plaintiff's injuries. He made no showing of any permanent disability, of any entitlement to further benefits under his original claim, or of any substantial change in his condition. The defendants presented no evidence.

After hearing the evidence, the deputy commissioner made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff worked continuously from 1974 to 1977 and then his condition worsened.

2. Plaintiff did not sustain a change of condition within two years of the last payment of compensation for disability.

****** ******

The foregoing findings of fact engender the following

### CONCLUSION OF LAW

Plaintiff's claim is barred because he did not sustain a change of condition for the worse within two years of his last payment of compensation.

Based on the foregoing findings and conclusion, plaintiff's claim was denied. The full Commission affirmed the decision. We hold that the Commission correctly classified plaintiff's claim as one for benefits due to a change in condition and, there being no competent evidence on which to base an additional award of benefits, properly denied plaintiff's claim.

[2] Plaintiff next contends that the Commission failed to make specific findings on whether plaintiff had shown good grounds for remanding the case for a hearing to take additional evidence. Plaintiff argues that specific findings were required because questions of fact crucial to plaintiff's right to compensation were presented in his motion to take additional evidence. He further argues that the deputy's alleged misapprehension of the applicable law should have compelled the full Commission to grant the motion so as to correct the error.

G.S. 97-85 provides in pertinent part that, upon application for review of an award by the full Commission, the "Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, . . . ." The question of whether to reopen a case for the taking of additional evidence is addressed to the sound discretion of the Commission and its decision will not be reviewed on appeal absent a manifest abuse of discretion. *Guy v. Burlington Industries*, 74 N.C. App. 685, 329 S.E. 2d 685 (1985). In exercising its discretion, the Commission is not directed to make specific findings of fact.

In the present case, plaintiff submitted, in support of his motion, an affidavit alleging that newly discovered physician's records and the deputy commissioner's alleged misapprehension of the applicable law constitute good grounds for granting a hearing to take additional evidence. We disagree. The record before us reveals only that plaintiff now has access to physician's records which were inaccessible to him at the initial hearing. There is no showing of the nature of the newly-discovered evidence or of how it concerns the question of whether or not plaintiff sustained a timely and substantial change of condition. As such, we cannot conclude that the plaintiff has shown good grounds for taking additional evidence or that the Commission abused its discretion by declining to do so.

Overcash v. Statesville City Bd. of Educ.

Affirmed.

Judge BECTON concurs in the result.

Judge PHILLIPS concurs.