Apple v. Guilford County

POLLY ANN APPLE v. GUILFORD COUNTY AND INSURANCE COMPANY OF
NORTH AMERICA

No. 8610IC874

(Filed 17 March 1987)

**Master and Servant § 77.2— workers' compensation—claim for additional award—
time for filing**

    The Industrial Commission erred in concluding that plaintiff's claim for an
additional award was barred by the two-year limitation of N.C.G.S. § 97-47,
since plaintiff's filing of an I.C. Form 18 before expiration of the two-year
period was a valid application for review of her award based on a change in
condition, even if she failed specifically to allege any change in condition or
any permanent injury; furthermore, N.C.G.S. § 97-47 allows an employee effec-
tively to apply for a review of his award before the date of the last payment of
compensation from the award.

    APPEAL by plaintiff-employee from the Opinion and Award of
the North Carolina Industrial Commission entered 12 March 1986.
Heard in the Court of Appeals 2 February 1987.

    This is a workers' compensation case. Plaintiff was employed
in the Guilford County Sheriff's Department to transport patients
from Guilford County to and from John Umstead Hospital in Dur-
ham County. On 18 September 1980 plaintiff sustained a compen-
sable injury when the van in which she was riding crashed.
Among plaintiff's injuries were lacerations to her head and elbow,
stiffness in her neck, and fractures to one finger on each hand.
Plaintiff received emergency medical treatment at Duke Universi-
ty Medical Center and follow-up treatment at Moses H. Cone Hos-
pital.

    Plaintiff and defendants entered into a compensation agree-
ment on 8 December 1980 by filing with the Industrial Commis-
sion a Form 21 ("Agreement for Compensation for Disability").
The agreement stated that plaintiff would be paid disability com-
pensation for one and six-sevenths weeks at the rate of $44.99 per
week. Plaintiff received the first of two payments when she
signed the agreement form. Subsequently, plaintiff continued
treatment, still suffering pain in her right little finger, her arm,
and her neck.

    On 11 February 1981, plaintiff filed an Industrial Commission
Form 18 ("Notice of Accident to Employer and Claim of Employee

. . ."). The form stated that the nature and extent of her injuries were lacerations, broken fingers, and a pinched nerve in her neck. It also listed the date of her return to work or estimated disability as "unknown."

Defendants completed an Industrial Commission Form 28B ("Report of Compensation of Disability") on 27 March 1981 and mailed a copy to both the Industrial Commission and the plaintiff. Plaintiff's copy was enclosed with her last compensation check due from the Form 21 agreement. Although the Industrial Commission received its copy of the Form 28B on 30 March 1981, plaintiff cannot remember the date she received hers. Plaintiff did not cash the enclosed check but, instead, turned it over to her attorney.

Plaintiff, complaining of headaches, dizziness, neck pain, and weakness in her arm, continued to see various doctors about her condition. It was not until 20 August 1983, however, that plaintiff, through her attorney, requested the Commission to assign "this claim" for hearing. The letter stated as the grounds for the hearing the issue of whether plaintiff was entitled to additional compensation for temporary total disability and permanent partial disability.

The case was scheduled for a hearing on 24 January 1985. Defendants claimed that plaintiff's claim was barred by the two year time limitation in G.S. 97-47. By order filed 28 February 1985, the deputy commissioner, rejecting defendants' argument that the claim was time barred, concluded that plaintiff had sustained permanent disfigurement of her right little finger for which she was entitled to compensation in the amount of $450.00. The deputy commissioner, however, denied plaintiff's claim for an additional disability award. Plaintiff appealed to the full Commission, which reversed the decision of the deputy commissioner after concluding that plaintiff's claim was barred by the time limitations in G.S. 97-47. Accordingly, the full Commission did not address the other issues raised by the deputy commissioner's order.

*Max D. Ballinger, for the plaintiff-appellant.*

*Smith, Helms, Mulliss & Moore, by Caroline Hudson Wyatt, for the defendant-appellees.*

EAGLES, Judge.

G.S. 97-47 provides that within two years of the "date of the last payment of compensation pursuant to an award under this Article," the Commission may, upon the application of any party in interest, or upon its own motion, review the award on the grounds of a change in condition. A validly executed I.C. Form 21 agreement constitutes an "award" under the North Carolina Workers' Compensation Act. *White v. Boat Corporation*, 261 N.C. 495, 135 S.E. 2d 216 (1964). Moreover, the Commission found, and defendants do not dispute, that plaintiff did apply for a review of her award based on a change in condition. The sole question for review then is whether plaintiff's claim for review was presented within two years of her last payment of compensation.

The Commission found that plaintiff "filed her claim for compensation, based upon an alleged change in condition, on 20 August 1983" and concluded that her claim was barred by the two year limitation set forth in G.S. 97-47. Assuming *arguendo* that plaintiff received her last payment of compensation before 20 August 1981, we nevertheless hold that the Commission erred in finding that the claim for an additional award was not made until plaintiff's letter of 20 August 1983.

Plaintiff sent an I.C. Form 18, dated 11 February 1981, to the Industrial Commission. The Commission acknowledged receipt by letter dated 16 February 1981. The filing of an I.C. Form 18 is sufficient to constitute an application for the Commission to review an award pursuant to G.S. 97-47. *Chisholm v. Diamond Condominium Constr. Co.*, 83 N.C. App. 14, 348 S.E. 2d 596 (1986). This is true even if it fails to specifically allege any change in condition or any permanent injury. *Id.* Therefore, plaintiff's filing of the I.C. Form 18 was a valid application for review of her award based on a change in condition. Because the two year limitation does not run against a claim which has already been filed, *see Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971), plaintiff's claim for review was not barred.

Defendants argue that since the two year period does not begin to run until the date of the last payment of compensation, plaintiff's application for review must come after that date. We disagree. While an I.C. Form 28B, when sent together with the employee's last compensation payment, ordinarily closes the

employee's case, *Chisholm v. Diamond Condominium Constr. Co.,* *supra,* it has no effect on an application for review which has previously been filed with the Commission. The Workers' Compensation Act must be liberally construed so that benefits are not denied based upon a technical, narrow, and strict interpretation of its provisions. *Rorie v. Holly Farms,* 306 N.C. 706, 295 S.E. 2d 458 (1982). Consequently, we hold that G.S. 97-47 allows an employee to effectively apply for a review of his award before the date of the last payment of compensation from the award.

Since the full Commission decided this case by determining only the issue of whether plaintiff's claim was barred by the two year limitation in G.S. 97-47, and we have reversed on that issue, this case must be remanded. The deputy commissioner made numerous findings of fact and conclusions of law from which both plaintiff and defendant appealed. The full Commission, however, is not bound by those findings and conclusions. *Godley v. Hackney & Sons,* 65 N.C. App. 155, 308 S.E. 2d 492 (1983). Therefore, the findings and conclusions of the deputy commissioner cannot reach this court without having first been affirmed, reversed, or modified by the full Commission. *See Brewer v. Trucking Co.,* 256 N.C. 175, 123 S.E. 2d 608 (1962). Accordingly, we remand so that the full Commission may consider the additional issues raised by the opinion and award of the deputy commissioner.

Reversed and remanded.

Judges WELLS and GREENE concur.