POLLY ANN APPLE v. GUILFORD COUNTY AND INSURANCE COMPANY OF NORTH AMERICA

No. 217PA87

(Filed 5 November 1987)

**Master and Servant § 77.2— workers' compensation—claim for additional award— time for filing**

> The filing of an Industrial Commission Form 18 in a workers' compensation case did not constitute a timely application for review under N.C.G.S. § 97-47 where the last compensation check was forwarded to plaintiff on 27 March 1981; she gave the check to her attorney; plaintiff's attorney wrote a letter requesting review on 20 August 1983; and plaintiff's attorney returned the check to defendant's attorneys on the date of the hearing, 24 January 1984. The filing of the Form 18 on 11 February 1981, prior to receipt of final payment, was not supererogatory compliance with the statute. A Form 18 filed prior to receipt of final payment would have to contain an express request for review based upon change of condition in order to serve as a vehicle for an application for review based on change of condition, and the Form 18 filed by plaintiff does not contain such language. Although the Supreme Court has not addressed the question, the filing of a Form 18 after receipt of final payment may satisfy the requirements of N.C.G.S. § 97-47.

ON defendants' petition for discretionary review of the decision of the Court of Appeals, 84 N.C. App. 679, 353 S.E. 2d 641 (1987), which reversed the opinion and award of the Industrial Commission, filed 12 March 1986, and remanded the case to the full Commission for further consideration. Heard in the Supreme Court 13 October 1987.

*Max D. Ballinger for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by Caroline H. Wyatt, for defendant-appellants.*

MARTIN, Justice.

This workers' compensation case comes before us solely on the question of whether plaintiff's application for additional compensation, based on change of condition, was time-barred by section 97-47 of the Workers' Compensation Act. We hold that it was and therefore reverse the Court of Appeals.

Plaintiff, Polly Ann Apple, was injured on 18 September 1980 when the van in which she was riding was involved in an accident. When the accident occurred, plaintiff was engaged in her duties as a transportation matron for the Guilford County Sheriff's Department. She sustained lacerations to her head and elbow, fractures to one finger on each hand, and a pinched nerve in the back of her neck. She was treated at Duke University Medical Center immediately after the accident and thereafter at Moses H. Cone Hospital in Greensboro.

On 2 December 1980, plaintiff and defendants entered into an Industrial Commission Form 21 compensation agreement. The Form 21 agreement recited the rate at which the employer and the insurance carrier agreed to pay compensation and the period of time for which compensation was to be paid. It also stated the date on which the employee was able to return to work.

Plaintiff subsequently filed an I.C. Form 18, notice of accident and claim of employee, dated 6 February 1981. She sent copies to her employer and to the Industrial Commission, which acknowledged receipt thereof in a letter to plaintiff's attorney dated 16 February 1981. The Form 18 recited the place, date, cause, nature, and extent of the employee's injury, as well as the occupation, hourly wage, hours per day worked, the date disability began, and other information about the claimant. The date of return to work or, alternatively, the estimated disability, was listed as "unknown."

By the terms of the compensation agreement, plaintiff was to receive, and did receive, payment for one and six-sevenths weeks at a weekly rate of $44.99. Her second and last payment was mailed to her by the carrier on 27 March 1981 along with I.C. Form 28B, Report of Compensation and Medical Paid. Form 28B recited the date of the accident, the injuries sustained, the period of time for which compensation was paid, the total amount of com-

pensation and medical paid, the date on which the last compensation check was forwarded, and the date on which the employee was able to return to work. Item 14 asked, "Does This Report Close the Case—including final compensation payment?" "[Y]es" was the response supplied on the Form 28B sent to plaintiff. Form 28B also included:

> NOTICE TO EMPLOYEE: If the answer to Item No. 14 above is "Yes," this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within two (2) years from the date of receipt of your last compensation check.

Plaintiff received the 27 March 1981 check and the Form 28B, although she cannot recall the date on which she received them. The Industrial Commission received its copy of the Form 28B on 30 March 1981. Plaintiff did not cash this second and final compensation payment. She turned it and the Form 28B over to her attorney. However, plaintiff took no further action until 20 August 1983, on which date her attorney wrote to the Commission requesting that it assign her claim for hearing. Plaintiff requested determination of both temporary total disability and permanent partial disability benefits due her as a result of the 18 September 1980 accident.

On 28 February 1985, the deputy commissioner rejected defendants' argument that plaintiff's claim was time-barred by N.C. G.S. § 97-47 and entered an award for plaintiff. The full Commission, however, reversed the decision of the deputy commissioner on the grounds that plaintiff's claim was time-barred, in an opinion and award filed on 12 March 1986. The Court of Appeals reversed the Commission on the grounds that the Form 18 which plaintiff filed was a timely application for review based on change of condition.

Accordingly, the only issue before us is whether the Form 18 filed by plaintiff on 6 February 1981 constituted a timely application for review within the meaning of N.C.G.S. § 97-47. We hold that under the facts of this case the filing by plaintiff of the Form 18 did not constitute a timely application for review. This Court has interpreted N.C.G.S. § 97-47 as a statute of limitations which requires an employee to apply for additional compensation on the

grounds of a change in condition within two years of the date on which the last compensation was paid. *Willis v. Davis Industries,* 280 N.C. 709, 186 S.E. 2d 913 (1972). The last compensation check was forwarded to plaintiff on 27 March 1981 and received by her. She gave the check to her attorney, who kept it until it was returned to defendants' attorneys on the date of the hearing, 24 January 1984. The letter requesting review, written by her attorney on 20 August 1983, clearly fails to meet the requirements of the statute. Plaintiff would have us treat the filing of the Form 18, on 11 February 1981, *prior* to receipt of final payment as supererogatory compliance with the statute, as doing more than the statute requires by filing notice of change of condition before the statutory two-year period had begun to run. But this analysis defeats the purpose of the statute, which is to give timely notice to employer and insurance carrier that a further claim is being made. The employer and the insurance carrier are entitled to treat final payment under a Form 21 agreement as closing the proceeding, absent timely notice that an employee seeks further compensation due to change of condition.

We do not say that a Form 18 could never satisfy the timely notice requirement imposed by N.C.G.S. § 97-47. In *Chisholm v. Diamond Condominium Constr. Co.,* 83 N.C. App. 14, 348 S.E. 2d 596 (1986), *disc. rev. denied,* 319 N.C. 103, 353 S.E. 2d 106 (1987), the Court of Appeals held that a Form 18 filed *after* receipt of final payment was sufficient to constitute an application for review under N.C.G.S. § 97-47. Although this Court has not addressed the question, filing of a Form 18 *after* receipt of final payment may satisfy the requirements of N.C.G.S. § 97-47 because receipt of a Form 18 by the employer and the carrier after they have made what they deem to be final payment may serve to notify them that the employee wishes to reopen the case.

A Form 18 received *prior* to final payment, however, would not, without more, produce this effect. It would be taken, rather, as mere completion of the paper work required of the employee in connection with the filing of the initial claim and would not be adequate to signal a further claim based on change of condition.[1]

---

1. This is demonstrated in this case by the letter from the Commission to plaintiff's attorney upon receipt of the Form 18: "The Commission has received your form 18 filed on behalf of plaintiff. We are making this claim a part of our file in this case."

In order to achieve this purpose, a Form 18 filed prior to receipt of final payment would have to contain an express request for review based upon change of condition. If a Form 18 were so drafted, it could serve as a vehicle for an application for review based on change of condition despite being filed prior to receipt of final payment. The Form 18 filed by plaintiff does not contain express language requesting a hearing based upon change of condition pursuant to N.C.G.S. § 97-47.

The decision of the Court of Appeals is reversed and the case is remanded to that court for remand to the Industrial Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.