***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence except on attorney's fees or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. At the time of Plaintiff's injury by accident, on April 4, 2000, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. Defendant-Employer employed three or more employees, and the employer-employee relationship existed between Defendant-Employer and Plaintiff.
2. Defendant-Employer was a duly qualified self-insured employer under the North Carolina Workers' Compensation Act at all times material to this claim. Key Risk Management Services is the administrator for Defendant-Employer's self-insured workers' compensation program.
3. Since the issue that predominates in this case is whether Plaintiff's claim is closed due to the statute of limitations, Defendant-Employer has agreed that in the event that the deputy commissioner finds for Plaintiff and finds that her case is open, it will pay for the medical study recommended by her treating physician for further diagnosis of her right knee injury.
4. Plaintiff's average weekly wage at the time of the injury was $894.17, which yields a weekly compensation rate of $596.11.
5. The stipulations contained in the parties' Pre-Hearing Agreement dated 16 October 2003 and Supplemental Stipulations dated 26 November 2003 are incorporated as though fully restated herein and the exhibits admitted into evidence by the stipulations in the Pre-Hearing Agreement and Supplemental Stipulations are incorporated into this record.
6. The Supplemental Stipulations dated 26 November 2003 state that Plaintiff's average weekly wage and compensation rate may be subject to further verification.
 ***********
Based upon all the competent evidence in the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, Plaintiff was 51 years old and had been employed by Defendant-Employer as a health and physical education teacher at its Morehead High School for a number of years. Plaintiff had previously been a track and cross-country coach.
2. On 4 April 2000, Plaintiff twisted and fell, injuring her right knee while breaking up a fight at Morehead High School. Prior to her injury, Plaintiff was physically active and regularly jogged 25 to 30 miles per week. She had not had any previous problem with her right knee.
3. Following Plaintiff's injury, the secretary at Morehead High School gave her the front side of the Industrial Commission Form 19 to complete and a second form asking for a description of the circumstances of her injury. Plaintiff was not provided with the back of the Industrial Commission Form 19 containing the notice that a claim is required to be filed by the employee with the Industrial Commission within two years of the date of injury.
4. Plaintiff came under the care of Dr. Stephen Lucey, an orthopedic surgeon, for treatment of the recurrent swelling and pain from her injury. On 13 September 2000, Dr. Lucey performed an arthroscopy and partial medial meniscectomy on Plaintiff's right knee. Plaintiff was out of work following her surgery for three days and thereafter returned to work on crutches.
5. On 14 November 2000, Plaintiff reported to Dr. Lucey that she was doing well. Her motion was good and she had no tenderness. Plaintiff was to follow up with Dr. Lucey as needed. After the 14 November 2000 visit, Plaintiff had occasional swelling in her right knee after she increased her running. Defendant assigned Amy Secher, a medical rehabilitation case manager, to assist Plaintiff with her medical rehabilitation. Ms. Secher sent Plaintiff a letter advising of her assignment on 20 November 2000.
6. The North Carolina School Board Association was the third party administrator for Defendant-Employer's workers' compensation program before 1 January 2001. Beginning 1 January 2001, Key Risk Management Services, Inc. began administering Defendant-Employer's claims.
7. In 2002, Plaintiff noticed a clicking and increased swelling in her right knee. She contacted Defendant's third-party administrator to have Dr. Lucey examine her knee. Defendant's third-party administrator told Plaintiff that the statute of limitations had expired on her workers' compensation claim for her knee.
8. Plaintiff retained counsel and filed a Form 18 notice of accident with the Industrial Commission on 26 November 2002 requesting compensation for her 4 April 2000 injury to her right knee. The Form 18 was the first document filed by either party with the Industrial Commission in Plaintiff's claim.
9. On 27 November 2002, Plaintiff's attorney wrote to Defendant's third-party administrator noting that he had timely filed the Industrial Commission Form 18 pursuant to N.C. Gen. Stat. § 97-24 because it was filed within two years of the last payment of medical compensation in a case in which no other compensation had been paid.
10. On 4 December 2002, Plaintiff's attorney again wrote to Defendant's administrator, referencing the "April 4, 2000 right knee injury." Plaintiff's attorney stated, "Laura needs to return to a physician for evaluation of the right knee. I would appreciate your getting back to me in the next few days to authorize a return visit to the treating orthopedic surgeon, Stephen Lucey." On 18 December 2002, Defendant's administrator wrote Plaintiff's attorney, with a copy to Dr. Lucey's office, that "(a)n appointment has been made for your client to be examined, evaluated, and treated, if necessary" by Dr. Lucey's practice. The date of the appointment was 31 December 2002.
11. On 31 December 2002, 21 February 2003, 11 April 2003 and 29 May 2003, Plaintiff was seen and treated for her right knee by Dr. Lucey. Plaintiff also was seen at TheraSport in Eden, North Carolina for physical therapy prescribed by Dr. Lucey. Defendant paid medical expenses to Dr. Lucey and Eden Sport. Defendant's claims representative testified that she reviewed the medical records before paying medical expenses.
12. On Plaintiff's last visit to Dr. Lucey on 29 May 2003, Dr. Lucey recommended an MR arthrogram to further evaluate the condition in Plaintiff's right knee. He noted that if the MR arthrogram "shows anything obvious, we may consider an arthroscopy."
13. Following Plaintiff's visit to Dr. Lucey for the right knee on 29 May 2003, Defendant's claims representative notified Dr. Lucey's office on 10 June 2003 that Defendant would not authorize treatment for Plaintiff's right knee. Defendant's claims representative, S. Renee Brock, also wrote to Plaintiff's attorney on 25 June 2003, stating:
 I have been trying to decipher what exactly your client is still trying to get medical treatment for. Her injury dated April 4, 2000 to the right knee has been closed and the statute of limitations had run December 28, 2002 for this claim. To my knowledge you requested she be treated for her left side injury which occurred on September 18, 2002, but to my surprise she was really getting medical treatment for her right knee. Please inform me of your position regarding both of these claims as soon as possible.
Plaintiff's attorney responded by sending the claims representative a copy of his 27 November 2002 letter, which explained that Plaintiff's Form 18 had been filed within two years of the last payment of medical compensation in this "medical only" claim consistent with N.C. Gen. Stat. § 97-24. Plaintiff's 27 November 2002 and 4 December 2002 letters to Defendant's claims representation and the Form 18 referenced Plaintiff's right knee injury on 4 April 2000.
14. No disability or indemnity compensation has been paid to Plaintiff, but Defendant has paid medical expenses in excess of $5,000.00 for treatment of Plaintiff's injury in the year 2002. The last payment of medical compensation by Defendant prior to 26 November 2002 was in December 2000.
15. On 3 July 2003, Plaintiff filed a Form 33 request for hearing to require payment of additional medical compensation. On 1 August 2003, Defendant filed its response asserting, "(e)mployer accepted employee's original claim as compensable. Employee's claim for additional medical treatment is denied pursuant to the Workers' Compensation Act; the Statute of Limitations ran on employee's claim on December 28, 2002."
16. On 10 October 2003, Defendant served a response to Plaintiff's interrogatories, acknowledging the receipt of the Form 18 filed by Plaintiff, agreeing that the last medical expenses paid prior to 26 November 2002 had been paid in December 2000. Defendant also stated that Plaintiff's claim was a "medical only claim" and that it was unaware of any forms filed by Defendant with the Industrial Commission before 26 November 2002. Defendant further stated it had accepted Plaintiff's original claim as compensable before 26 November 2002 and that the only evidence it could show to indicate it had "accepted" Plaintiff's claim before 26 November 2002 was its provision of "medical care" for Plaintiff.
17. No documents were filed by Defendant with the Industrial Commission in this claim prior to July and August 2003, when a notice of appearance, correspondence and Form 33R response to the request for hearing were filed.
18. Defendant was required by the Workers' Compensation Act (N.C. Gen. Stat. § 97-92) and Industrial Commission Rule 104 to file with the Commission and provide both sides of a Form 19 to Plaintiff, employer's report of injury under the circumstances of this case.
19. Plaintiff's Form 18, filed 26 November 2002, was the first document filed in this case. The Industrial Commission had no jurisdiction over this claim until Plaintiff's claim was filed. There was no claim number assigned to this case until the Form 18 was filed. Plaintiff's Form 18 placed the Industrial Commission and Defendant on notice that Plaintiff was claiming compensation, including medical treatment, for her right knee injury. The language of the Form 18 notice of accident states, "Notice is hereby given, as required by law, that the above-named employee sustained an injury by accident described as follows: right knee on April 4, 2000 at Eden, Rockingham County." Also, Plaintiff's letter to Defendant on 27 November 2002 placed Defendant on notice that Plaintiff was seeking additional medical compensation.
20. Plaintiff's Form 18 notice of accident to employer was timely filed. Defendant is not contesting the timeliness of the Form 18. Defendant's position is that Plaintiff's claim is time-barred under N.C. Gen. Stat. § 97-25.1 because she did not file a Form 18M application for additional medical compensation as provided in Rule 408 in order to preserve her entitlement to additional medical compensation within 2 years. Rule 408 allows a Plaintiff to file a claim for additional medical compensation on a Form 18M or by written request to the Industrial Commission. The filing of a Form 18M does not confer jurisdiction upon the Industrial Commission. Defendant's last payment of medical compensation in this case was 5 March 2003. Plaintiff filed a Form 33 request for hearing on 3 July 2003, (less than 4 months after the last payment of medical compensation) on the ground that, "the employer takes the position that the statute of limitations has run on any additional benefits in this claim and will not authorize additional payments by authorized surgeon." Plaintiff's Form 33 was filed within 2 years of Defendant's last payment of compensation and clearly satisfies N.C. Gen. Stat. § 97-25.1 and Rule 408.
21. Defendant's conduct is inconsistent with the position it is asserting in this claim. Defendant authorized the additional medical compensation Plaintiff requested from December 2002 through 29 May 2003. Defendant paid for the authorized treatment Plaintiff received through 5 March 2003. Defendant attempted to assert retroactively a two-year statute of limitations defense on 25 June 2003.
22. The deputy commissioner found and the Full Commission affirms that there was no reasonable ground for Defendants' defense of this claim based on expiration of the statute of limitations. The undisputed facts establish that Plaintiff's claim, Industrial Commission Form 18, was filed within two years after the last payment of medical compensation when no other compensation had been paid and employer's liability had not otherwise been established under the Workers' Compensation Act. Moreover, Defendant paid medical compensation for Plaintiff's injury after the filing of Plaintiff's claim in November 2002 before asserting its statute of limitations defense and requiring Plaintiff to proceed to hearing because of the denial of benefits based on a statute of limitations defense.
23. Defendant appealed to the Full Commission from the decision of the deputy commissioner granting Plaintiff's claim for additional compensation. By the decision herein, Defendant is required to continue paying medical compensation to Plaintiff.
24. Plaintiff's counsel has expended 41.10 hours of time in this matter representing Plaintiff at the hearing before the deputy commissioner and for Defendant's appeal to the Full Commission. Due to his experience and expertise, Plaintiff's attorney's request for fees of $150.00 per hour is reasonable.
 ***********
The foregoing stipulations and findings of fact result in the following:
 CONCLUSIONS OF LAW
1. On 4 April 2000, Plaintiff sustained a compensable injury to her right knee by accident arising out of and in the course of her employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim for workers' compensation benefits for her 4 April 2000 compensable injury, which was filed on 26 November 2002, was filed within two years after the last payment of medical compensation when no other compensation had been paid and when the employer's liability had not otherwise been established under the Workers' Compensation Act. Plaintiff's Form 18 was an initial and timely claim for medical and indemnity compensation and is not barred under the provisions of N.C. Gen. Stat. §§ 97-24 or 97-25.1. Plaintiff's filing of the Form 18 is sufficient notice to Defendant and the Industrial Commission that Plaintiff is claiming additional medical and all other compensation due under the Workers' Compensation Act. See Apple v. Guilford County,321 N.C. 98, 361 S.E.2d 588 (1987); Chisholm v. Diamond CondominiumConstruction Co., 83 N.C. App. 14, 348 S.E.2d 596 (1986), rev. denied,319 N.C. 103, 353 S.E.2d 106 (1987).
3. Defendant is obligated to pay for all reasonably required medical treatment related to Plaintiff's compensable injury, including the MR arthrogram study recommended by Plaintiff's treating physician consistent with the hearing stipulation by the parties.
4. There was no reasonable ground for Defendant-employer's defense of the claim based on application of the "statute of limitations." The undisputed facts known to Defendant-employer establish that Plaintiff's claim was timely filed in accord with the applicable law. N.C. Gen. Stat. § 97-24. Plaintiff's attorney spent 25.20 hours to prosecute Plaintiff's claim before the deputy commissioner. The deputy commissioner found and the Full Commission affirms that Plaintiff's attorney should be awarded attorney fees under N.C. Gen. Stat. § 97-88.1 for defendant's unreasonable defense of this claim where plaintiff has never sought more than medical compensation for an undisputed injury by accident occurring under circumstances that would have qualified her for salary continuation even during the three days she missed from work if she had filed a claim under N.C. Gen. Stat. § 115C-338 for injury due to an act of violence. Rather than seek wage loss compensation, plaintiff returned to work on crutches.
5. Defendant appealed to the Full Commission from the decision of the deputy commissioner granting Plaintiff's claim for additional compensation. By the decision herein, Defendant is required to continue paying medical compensation to Plaintiff. Defendant should pay Plaintiff's attorney fee as a part of costs for this appeal to the Full Commission. Plaintiff's attorney expended 15.90 hours defending Defendant's appeal to the Full Commission. N.C. Gen. Stat. § 97-88.
6. Plaintiff's attorney spent 25.20 hours to prosecute Plaintiff's claim before the deputy commissioner. Plaintiff's attorney expended 15.90 hours defending Defendant's appeal to the Full Commission. A reasonable attorney's fee for Plaintiff's attorney is $6,165.00 for time spent prosecuting Plaintiff's claim before the deputy commissioner and for defending Defendants' appeal to the Full Commission. See Hodges v. EquityGroup, ___ N.C. App. ___, 596 S.E.2d 31 (2004). There is no award of compensation to plaintiff from which plaintiff's attorney could be awarded a fee as plaintiff's claim is for payment of medical expenses resulting from her injury.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall authorize and pay for the MR arthrogram recommended by Plaintiff's treating physician and any additional medical treatment which may reasonably be required to effect a cure, provide relief, or lessen Plaintiff's disability from her compensable injury.
2. Defendant shall pay to Plaintiff's attorney a reasonable fee in the amount of $3,780.00 pursuant to N.C. Gen. Stat. § 97-88.1 for 25.20 hours spent to prosecute Plaintiff's claim before the deputy commissioner. N.C. Gen. Stat. § 97-88.1.
3. Defendant shall pay Plaintiff's attorney fee as a part of costs for this appeal to the Full Commission. Plaintiff's attorney expended 15.90 hours defending Defendant's appeal to the Full Commission. Defendant shall pay to Plaintiff's attorney an additional $2,385.00 pursuant to N.C. Gen. Stat. § 97-88.
4. Defendant shall pay the costs.
This the ___ day of October 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER