***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn with minor modifications. *Page 2 
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all times relevant herein.
3. Defendant-employer had workers' compensation insurance with Travelers Insurance Company at all times relevant herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was a forty-two year old man at the time of the hearing before the Deputy Commissioner. He had completed high school and college, holding a BS in engineering and a MS in energy management.
2. While working for defendant-employer, plaintiff sustained an injury by accident while in the course and scope of his employment on or about February 11, 1998, and defendant accepted this claim and paid plaintiff benefits under said claim. This was plaintiff's first claim. *Page 3 
3. Thereafter, plaintiff sustained a second injury by accident on or about September 13, 2000. Defendants paid medical compensation for this claim up through and including June 8, 2001 and filed a Form 28B with the Industrial Commission on or about November 6, 2001.
4. A dispute arose between the parties as to whether plaintiff was entitled to additional medical benefits related to I.C. No. 836986, and the Full Commission, by Opinion and Award entered on March 10, 2004, determined that plaintiff was entitled to additional medical benefits.
5. Plaintiff did not file any written request for any additional benefits related to I.C. No. 162240 until October 5, 2004, more than two years after the last payment of any benefits by defendants to him.
6. Plaintiff testified that as of February 1998 he was earning $72,648.00 per year, in 1999 he earned $61,970.00, in 2000 he earned $88,257.00, in 2001 he earned $68,043.00, in 2002 he earned $43,428.00 over a 7 month period, in 2003 he earned $38,807 and in 2004 he earned approximately $6,000.00 per months from March through December. Plaintiff testified that the periods of time he was not working was because he was between jobs, and the reason he went from one job to the other was not related to his injuries by accident.
7. Although plaintiff testified that, as of the date of hearing before the Deputy Commissioner, he had been unemployed since January 2005, the Full Commission finds that plaintiff has failed to show, through the admission of evidence, that he was disabled or suffered any loss in wage earning capacity as a result of the injuries associated with this claim. Plaintiff continued to work full time until just before the date of hearing before the Deputy Commissioner, and failed to show that any of his treating physicians have taken him out of work for symptoms related to the injury by accident. Thus, the Full Commission finds that plaintiff has failed to show that he is unable to earn the same wages that he earned before the injury, either in the same employment or in other employment. *Page 4 
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. It is well established that any claim for additional workers' compensation benefits must be filed within two years of the date on which the last compensation was paid. N.C. Gen. Stat. § 97-47; Apple v.Guilford County, 321 N.C. 98, 361 S.E.2d 588 (1987). The record shows that plaintiff's last compensation pursuant to I.C. No. 162440, plaintiff's compensable foot injury, was paid on June 8, 2001, and plaintiff did not file a claim for additional benefits until October 5, 2004. Because plaintiff's claim for additional medical and indemnity benefits was filed more than two years since the last payment of compensation on I.C. No. 162440, his claim is barred by the time limitations set forth in N.C. Gen. Stat. § 97-47.
2. In order to prove disability, plaintiff has the burden to show that he is unable to earn the same wages that he earned before the injury, either in the same employment or in other employment. Russell v. Lowe'sProd. Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993). Although plaintiff has shown that he is in need of continuing medical treatment pursuant to I.C. No. 836986 for injuries arising from a motor vehicle accident, as awarded by the March 10, 2004 Opinion and Award of the Full Commission, plaintiff has not shown that he was disabled or suffered any loss in wage earning capacity as a result of the injuries associated with this claim. In fact, plaintiff continued to work full time until just before the date of hearing before the Deputy Commissioner, and failed to show that any of his treating physicians have taken him out of work for symptoms related to the injury by accident. Thus, plaintiff has failed to show he is entitled to further indemnity benefits pursuant to his I.C. No. 836986 claim. Id. *Page 5 
3. Pursuant to the March 10, 2004, Opinion and Award of the Full Commission in this matter, plaintiff is entitled to medical expenses incurred or to be incurred by plaintiff as a result of his February 11, 1998 (I.C. No. 836986) compensable injury by accident for so long as such examinations, evaluations and treatments tend to affect a cure, give relief or lessen his disability. N.C. Gen. Stat. §§ 97-2(19) and97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional medical and indemnity benefits relating to I.C. No. 162240 is hereby DENIED.
2. Plaintiff's claim for additional indemnity benefits relating to I.C. No. 836986 is hereby DENIED.
3. Pursuant to the March 10, 2004, Opinion and Award of the Full Commission in this matter, defendants shall continue to pay all medical expenses incurred or to be incurred by plaintiff as a result of his February 11, 1998 (I.C. No. 836986) compensable injury by accident for so long as such examinations, evaluations and treatments tend to affect a cure, give relief or lessen his disability.
4. Each side shall pay their own costs.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 CONCURRING: PGPage 6
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________________ THOMAS J. BOLCH COMMISSIONER *Page 1